Richard L. Nelson
ABA No. 0209036
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, Alaska 99803
phone: (907) 789-3166
fax: (907) 789-1913
rnelson@baxterbrucelaw.com
Attorneys for Plaintiffs

**FILED**

DEC 2 7 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

JOERGEN SCHADE and ROBERT MERRELL )
)
)
Plaintiffs, )
)
vs. )
)
KETCHIKAN GATEWAY BOROUGH and )
CHARLES POOL )
)
Defendants ) Case No. J05 - 0017 CV (JKS)

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITIONS TO MOTION FOR EXPEDITED HEARING AND REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(b), Plaintiffs submit this Reply to Defendants' Oppositions to the Motion for Expedited Hearing.

1. The Oppositions filed by the Defendants only serve to emphasize the need for an expedited hearing.

2. Defendants request that the Motion for TRO be heard in the ordinary time frame for motions, meaning that it might not be considered until late January, 2006, (*see* Defendant Pool's Opposition at p.2). That, of course, would leave them free to transfer the property in the interim, rendering moot any request for status quo injunctive relief.

1  Defendants have not denied their previously expressed intent to make the transfer after the first of the year (*see* Exhibit H to Joergen Schade Affidavit). Nor have they offered to postpone the transfer of the property, pending the Court's determination.

3. Next, Defendants complain of the timing of Plaintiffs' motion. What Defendants fail to acknowledge is that the timing was dictated by their own actions. They were given many opportunities to resolve this dispute earlier. Plaintiffs tried repeatedly to work this out without court intervention (*see* Exhibits D-I. Schade Aff.). At one point, in a series of emails exchanged with Plaintiffs' counsel, KGB's attorney indicated on November 18, 2005, his understanding from the borough manager that the intent was to convey the property, at Mr. Pool's request, after the first of the year. (Exhibit H, Schade Aff.). Plaintiffs, realizing there was still a chance to try to resolve the matter before that time, continued to inquire whether a more formal response from KGB could be expected, still hoping that the full Assembly might take up the matter (*see* last entry, Exhibit H, Schade Aff.). Receiving no further word from KGB, Plaintiffs felt in fairness that Mr. Pool should be given a chance for input before they proceeded with litigation. Plaintiffs then tried one last time to reason with KGB, by letter of December 7, 2005 (Exhibit "I," Schade Aff.), this time with notice to Mr. Pool, requesting a response by December 13, 2005. Plaintiffs received no response from either party and were left with no alternative at that point. They were forced to seek injunctive relief when they did. To have sought injunctive relief any earlier would have been premature, given the indicated schedule for transfer, the ongoing attempts at resolution, and the limited duration of a TRO. Therefore, any inconvenience in the timing must be laid at the feet of Defendants.

4. However, to help alleviate any holiday problems, Plaintiffs would welcome a stipulated postponement of the transfer, or an agreed temporary restraining order, accompanied by an agreement for expedited discovery pending a preliminary injunction hearing in late January. Or, if Defendants preferred, the parties could proceed with normal discovery so long as Defendants were willing to agree to an appropriately longer moratorium or TRO, pending an even later preliminary injunction hearing. Defendants' current position, however, necessitates a prompt TRO hearing.

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Reply to Defendants' Oppositions to Motion for Expedited Hearing and Request for Oral Argument; Page 2 of 3; Case No. J05-0017 CV (JKS)**

5. Last, Defendants' counsel mention the date each was served by Plaintiffs' counsel. What may not be clear is that their receipt was actually the second time service of the documents was made. The Defendants were first served on December 20, 2005 as reflected in the Proof of Service. When Plaintiffs' counsel was later advised of the attorneys who would be handling the matter for Defendants, the entire set of documents was served again as a courtesy—this time to counsel designated by Defendants.

Therefore, Plaintiffs renew their request for expedited hearing and oral argument.

DATED this 27th day of December, 2005.

BAXTER BRUCE & SULLIVAN P.C.

By /s/ Richard L. Nelson
Richard L. Nelson, ABA No. 0209036
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December, 2005, I served a copy of the foregoing by either fax or by email (attachment as scanned document) on: (1) counsel for Defendant Ketchikan Gateway Borough, Mr. Mitchell A. Seaver, 344 Front Street, Ketchikan, Alaska 99901; and (2) counsel for Charles Pool, Geoffrey Currall, Keenan & Currall P.C., 540 Water St. Suite 302, Ketchikan 99901.

/s/ Richard L. Nelson
Richard L. Nelson

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Reply to Defendants' Oppositions to Motion for Expedited Hearing and Request for Oral Argument; Page 3 of 3; Case No. J05-0017 CV (JKS)**