Scott A. Brandt-Erichsen
ABA No. 8811175
Office of the Borough Attorney
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683
Attorney for Ketchikan Gateway Borough

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

**Joergen Schade** and )
**Robert Merrell**, )
)
Plaintiffs, )
)
v. )
)
**Ketchikan Gateway Borough** and )
**Charles Pool**, )
)
Defendants. )
_____ )    Case No. J05-0017 CV(RRB)

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND IN
SUPPORT OF DEFENDANTS MOTION TO DISMISS**

**I. Background**

This case involves the Ketchikan Gateway Borough's
(hereinafter the *Borough*) disposal of certain parcels of surplus
real property located within the Borough near Ward Cove. The
Borough's disposal of these properties is governed by KGB Code §
40.18.010(a) which provides, in pertinent part:

Except as otherwise required or provided in Chapter
40.15, or in section 40.18.020, of the KGB Code, the

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 1 of 26

borough may sell, lease, exchange or otherwise dispose of
real property, or an interest in real property, including
by exchange with or donation to another municipality, the
state, or the United States, or agency thereof, when and
upon such terms and conditions as the assembly, in its
sole discretion, determines by resolution to be in the
best interest of the borough.

Pursuant to this ordinance, the Borough Assembly adopted Resolution No. 1881 on March 21, 2005. According to that resolution, the property at issue here, and other Borough property, was to be sold by outcry auction. The minimum bid was set at the Borough's tax assessed value, and the process provided for a lower minimum bid for multiple parcels purchased as a single unit. Resolution No. 1881 provided that parcels that were not disposed of by auction would be listed with a real estate broker for sale or lease. A copy of Resolution 1881, the accompanying agenda materials considered by the Assembly, and minutes from that March 21, 2005, meeting are attached as Exhibits 1, 2 and 3.

The disposal authorized by Resolution No. 1881 was implemented by a public outcry auction held on August 4, 2005.[1] Notice of the auction was advertised on the internet and in publications in at least 18 cities.[2] The Auction was attended by a large number of persons interested in the property.

The minimum bid requirement for four parcels, including

---

[1]The auction required pre-registration of bidders. Mr. Merrell did not participate as a bidder. Affidavit of Merrell at Paragraph 5.

[2]See the advertising bill presented by the auctioneer, a copy of which is attached as Exhibit 4.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

Schade-Merrell v. KGB-Pool
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 2 of 26

the parcel at issue here, was not met.  It was then decided and announced that the auctioneer would solicit bids on each of the four, the highest of which would be presented to the Borough Assembly as an offer to purchase that unsold parcel. Those offers would be taken to the Borough Assembly for its consideration.  The following offers were made on the unsold parcels:

> An offer of $600,00 net proceeds to the Borough for B-17, $82,500 net proceeds to the Borough for B-21, $310,000 net proceeds to the Borough for B-22 and $195,00 net proceeds to the Borough for B-27.

At its August 15, 2005, meeting, the Assembly considered proposed Resolution No. 1906.  As recommended by Borough staff, that proposed resolution would have authorized sale of three of the four parcels that had not received the minimum bid to those persons who had made offers at the time of the August 4, 2005, auction.  A copy of the Assembly agenda packet materials for this item, minutes from the August 15, 2005, meeting and a transcript of the relevant portion of that meeting are attached as Exhibits 5, 6 and 7 respectively.

After discussion and debate, the Assembly rejected this recommended approach.  Instead, it authorized a different method for disposal of the unsold parcels.  Under this method, the four unsold parcels were to be offered for sale by open bid for a period of 30 days.  The minimum bid for each parcel was set at the amount of the offer for that parcel made on August 4, 2005.  Also, the persons who made offers solicited at the August 4, 2005, auction were given a right of first refusal to purchase the property. This

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 3 of 26

process and other details of the terms and conditions of sale are set forth in Resolution No. 1906, amended, adopted on September 6, 2005. A copy of Resolution 1906, amended, the agenda packet for that item, the relevant portion of the meeting minutes from the September 6, 2005, meeting and a transcript of the relevant portion of the meeting are attached as exhibits 8, 9, 10 and 11 respectively.

Pursuant to Resolution No. 1906, as amended, a disposal process was conduct by accepting bids until 2:00 P.M. September 20, 2005. Plaintiffs had actual notice of the process, including the right of first refusal.[3] Plaintiff Merrell submitted a bid of $810,000.00, Plaintiff Schade submitted a bid of $815,000.00, and Defendant Pool submitted a bid of $600,000.00, equal to his August 4, 2005, offer. (Copy attached as Exhibit 12.) Defendant Pool later elected to match Mr. Schade's offer of $815,000.00 for Parcel B-17.[4]

## II. Standards

A.  **Preliminary Injunction Standard**.

Plaintiffs have moved for preliminary injunctive relief under Federal Rule of Civil Procedure 65. Plaintiffs have presented a reasonable summary of the decisional criteria relevant to a motion for preliminary injunction. As noted by Moore, **Fed. Practice**, § 65.22[5][I] 3rd Ed. (2001):

---

[3]See Affidavit of Merrell at Paragraph 9 and Affidavit of Schade at Paragraph 13.

[4]See Exhibit 13.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 4 of 26

"In determining a request for a preliminary injunction, the Ninth Circuit traditionally considers:

1.  Likelihood of success on the merits;

2.  Possibility of irreversible injury absent an injunction;

3.  Balance of harms; and

4.  Where appropriate, public interest.

Ninth Circuit courts have occasionally referred to a three-prong test, combining the second and third elements of the traditional test. Under this test, a preliminary injunction is justified when: (1) the movant has established a strong likelihood of success on the merits; (2) the balance of irreparable harm favors the moving party; and (3) the public interest favors the issuance of an injunction."

See also **Dollar Rent a Car v. Travelers Indem. Co.,** 774 F.2d 1371, 1374 (9the Cir. 1985) (equitable criteria for granting of preliminary injunction are likelihood of success on merits, possibility of irreparable injury if not granted, balance of hardship favoring plaintiff, and public interest).

In addition to a limited reference to Ninth Circuit cases, Plaintiffs refer the Court to Alaska Supreme Court decisions regarding injunctive relief. The Alaska Supreme Court has applied a "balance of hardships" test in reviewing requests for injunctive relief. This balance of hardships requires that in order to obtain

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 5 of 26

injunctive relief,

> "(1) the plaintiff must be faced with irreparable harm; (2) the opposing party must be adequately protected; and (3) the plaintiff must raise 'serious' and substantial questions going to the merits of the case; that is, the issue raised cannot be 'frivolous or obviously without merit.'"

**Messerli v. Dept. of Natural Resources**, 768 P.2d 1112, 1122 (Alaska 1989).

In **State v. United Cook Inlet Drift Ass'n**, 815 P.2d 378, 378-379 (Alaska 1991), the court noted that the standard, which provides that the movant must show only that there are serious and substantial questions going to the merits of the case, and that the movant need not show probable success on the merits:

> "applies only where the injury which will result from the temporary restraining order or the preliminary injunction can be indemnified by a bond of where it is relatively slight in comparison to the injury which the person seeking the injunction will suffer if the injunction is not granted.... Where the injury which will result from the temporary restraining order or the preliminary injunction is not inconsiderable and may not be adequately indemnified by a bond, a showing of probable success on the merits is required before a temporary restraining order or a preliminary injunction can be issued."

Plaintiffs have omitted a significant relevant requirement from the discussion. Rule 65(c), provides in the relevant part that:

> "no restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the Court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

This brief will address the risk of harm to the Plain-

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 6 of 26

tiffs, the risk of harm and adequate protection of Defendants and the likelihood of Plaintiffs succeeding on the merits.

**B.    Standard for Motion to Dismissal under R. 12(b)(6)**

"Any defendant to a complaint, counterclaim, or cross-claim may move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "Under Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. To prevail, the movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."" Moore, **Fed. Practice**, §12.34[1][a] 3rd Ed. (2001).

If, in addressing a motion the court considers matters outside the pleadings, "Rule 12(b)(6) specifically gives the court discretion to accept and consider extrinsic materials offered in conjunction with a Rule 12(b)(6) motion. However, once the court decides to accept "matters outside the pleadings," the motion will be treated as one for summary judgment and disposed of as provided in Rule 56." Moore, **Id**. §12.34.[3][a]. See Also **River City Mkts. V. Fleming Foods W., Inc.**, 960 F2d 1458, 1460 (9[th]Cir. 1992).

**C.    Standard for Summary Judgment**

Summary judgment is appropriate where viewing the facts in the light most favorable to the nonmoving party, the evidence in the record fails to disclose a genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

"If the summary judgment movant does not bear the burden

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 7 of 26

of persuasion at trial, the movant's burden to show presumptive entitlement to summary judgment is satisfied if the movant points to the absence of any factual support for an essential element of plaintiff's claim if movant makes this showing (required by Rule 56©, the nonvomant bearing the burden of persuasion must then, pursuant to Rule 56(e), introduce specific facts showing a need for trial."

Moore, **Fed. Practice**, §56.03[5] 3 $^{rd}$ Ed. (2001), citing

**Celotex Corp. V. Catrett**, 477 U.S. 317, 322-323, 106 S. Ct. 2548,

91 L. Ed. 2d 265 (1986).

The existence of a disputed factual issue will only preclude summary judgment if it is a material issue. A factual issue will not be considered material if, even assuming the factual situation to be as the nonmoving party contends, he or she would still not have a factual basis for a claim for relief against the moving party.

### III. Discussion

A. **Plaintiffs' statements of harm are conclusory.**

Plaintiffs' motion for injunctive relief addresses harms to Mr. Merrell and Mr. Schade in a summary fashion. Essentially, Plaintiffs assert that because the case involves real-estate, which they want to buy, they will suffer irreparable harm if the transactions proceeds conveying the property to Defendant Pool.

This conclusory assertion suffers at least two flaws. First, conclusion of the transaction transferring the property to Pool, where Mr. Pool is a party to this case and subject to the jurisdiction of this Court, is not an irreparable action. If in

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 8 of 26

fact Schade is entitled to the property, the Court could order the property transferred to him, and that order would be binding upon Pool as a party.

Separately, Plaintiffs make an apparent assumption that either Merrell or Schade would be entitled to obtain the property. That result is by no means assured. While a voiding of the sale to Mr. Pool might prevent that transaction from being concluded, it does not follow that either Merrell or Schade would be entitled to the property. Assuming, *arguendo* that the sale process conducted pursuant to Resolution 1906, amended, including a first right of refusal is fatally defective, then the entire sale process would be void, and transfer to Schade or Merrell would not occur.

It is not reasonable, nor is there a legal theory to support the Court's re-writing of Resolution 1906, amended, to impose upon the Borough a sale process modified to eliminate the first right of refusal. If the sale process in Resolution 1906 amended is voided it would be up to the Borough, as a legislative decision, to determine whether or not to offer the property for sale again, and by what procedure.

Thus, the interest at stake for Merrell and Schade is not a right to receive the property, as asserted in their briefing. Rather it is merely a speculative potential to seek to acquire the property.[5] Because injunction or voiding the sale to Pool would not

---

[5]To the extent the right to seek to acquire property exists they could exercise now by offering funds to Pool for the property.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 9 of 26

result in the property being transferred to either Merrell or Schade, they lack the "right to own real-estate" which Plaintiffs assert establishes a basis for irreparable harm to Plaintiffs sufficient to support granting injunctive relief.

**B. Defendants would be harmed in a significant measure, and can not be adequately protected without a substantial bond.**

Plaintiffs may be expected to argue that the harm to the Defendant Borough is nominal in that the Borough would obtain the same or a larger amount of money for the property if Plaintiffs succeed. This conclusion is incorrect.

The Borough is a party to a sales agreement with Mr. Pool. If Mr. Pool fails to follow through on the sales agreement, or if the transaction is voided by the Court, then the Borough would not receive the purchase price for the parcel, $815,000. Additionally, the Borough is suffering losses due to revenues it could have earned on those funds had the sale proceeded to close as planned on January 3rd, 2006. Further the Borough is suffering losses from costs and attorney's fees incurred in defending this action. Thus, at a minimum, the potential damages to the Borough include the purchase price, loss of revenue on the purchase price, and its costs in defending this action. Any bond to protect the Borough would need to, at a minimum, cover the purchase price, lost revenue on those funds, and costs and attorney's fees.

However, the Borough's potential damages are more significant and include intangible components. Specifically, if the

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 10 of 26

transaction is delayed to the point where it is frustrated, and Pool elects not to conclude the transaction, the Borough would not receive the purchase price. Further, the Borough would bear the costs of maintaining the property and any costs associated with the indemnification obligations which transfer under the sales agreement, which responsibility would be transferred to Pool as the purchaser. There is no guarantee that the Borough could obtain a purchase price of $815,000 dollars or more in a subsequent effort to sell the property.

Further, the cloud on the transaction created by the pending case causes the Borough further damage. The Borough had intended on obtaining title insurance relating to the transaction. The escrow agent Ketchikan Title Agency, which was slated to close the transaction, has indicated that it will not do so during the pendency of the case. See Exhibit 14.

Inability to obtain title insurance creates a liability risk to the Borough. If, for example, the Borough concludes the transaction issuing a warranty deed to Mr. Pool without title insurance to indemnify the Borough against defects, and the Court subsequently voids the transaction, Mr. Pool may assert that the Borough is liable to him based upon the warranty deed and defects which resulted in reversal of the transaction. Accordingly, the Borough has been damaged by the pendency of the case, the potential for claims by Mr. Pool, and the cost of defense of those claims from Mr. Pool in the event that the Borough issues a warranty deed and the Court subsequently voids the transaction. Unless the cloud

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 11 of 26

of litigation is removed and the closing of the transaction follows resolution of the merits, the Borough is at risk of facing conflicting claims or obligations.

Mr. Pool has been damaged as well. The Borough defers to counsel for Mr. Pool to articulate the specific damages which Mr. Pool would suffer if injunctive relief were granted, and the adequacy a bond necessary to protect Mr. Pool from those damages.

C.    **Plaintiffs have not established a significant likelihood of success on the merits.**

Plaintiffs have asserted three arguments in their challenge on the merits.

1. Plaintiffs argue that the Borough Assembly abused its discretion when it exercised its legislative powers adopting Resolution 1906 amended;

2. Plaintiffs argue that the Borough is estopped from exercising its legislative powers to amend the legislative action taken in Resolution 1881; and

3. Plaintiffs argue that the procedure approved by Resolution 1906 amended violated plaintiffs' equal protection rights.

In addition to the Plaintiffs' failure to show a likelihood of success on the merits, a review of the claims made by Plaintiffs viewed against the facts as set out in Plaintiffs' filings and documents of public record shows that Plaintiffs' fail to state a claim upon which relief may be granted. Thus dismissal

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 12 of 26

of Plaintiffs' complaint, or in the alternative entry of summary judgment, is appropriate. The merits will be discussed in the context of the discussion of Plaintiffs' likelihood of success in the merits.


**1. Adoption of Resolution 1906, amended, and the disposal of Parcel B-17 was proper.**

Title 29 of the Alaska Statutes set forth the statutory framework for municipalities in this State. AS 29.35.090(a) provides as follows:

> The governing body shall by ordinance estab-
> lish a formal procedure for acquisition and
> disposal of land and interests in land by the
> municipality.

Plaintiffs have impliedly argued that the Borough's adoption of Resolution 1906, amended, lacked sufficient formality to comply with AS 29.35.090(a), and thus the Court should hold the Borough to the procedure adopted by Resolution 1881. Apart from the glaring inconsistency of this position[6], it ignores the procedure established by Borough ordinance.

---

[6] If Resolution 1906 is void for inadequacy under AS 29.35.090(a) then Resolution 1881 suffers the same defect. Thus, the argument would void the sales to Schade and others which have been concluded under Resolution 1881. Clearly this is not the result urged by Plaintiffs. If a resolution adopted by the governing body is adequate in one instance, it is adequate in both.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 13 of 26

As mentioned above, the ordinance adopted by the Borough is KGB Code § 40.18.010(a) which authorizes the Assembly to dispose of real property when and upon such terms and conditions as the Assembly, <u>in its sole discretion</u>, determines by resolution to be in the best interest of the borough.  Thus, the decision regarding the method of sale of the Ward Cove parcels is committed to the sole discretion of the local elected legislative body.

Furthermore, Resolution No. 1906, as amended, is itself a legislative act.  Because it regulates the affairs of the municipality, it is, in effect, an ordinance.  5 McQuillin **Mun. Corp.** § 15.8 (3d Ed.).  The general rule, with respect to legislative actions, is that the legislative act is presumed to be valid unless proven otherwise. See 6 McQuillin, **Mun. Corp.**, Section 20.06. A municipal legislative action must be sustained if it is possible to sustain it under any reasonably supposable state of facts. See 6 McQuillin, **Mun. Corp**., Section 20.06, note 6.

Because of the requirement of separation of powers, the court's role in reviewing legislative acts is circumscribed:

> <u>By virtue of the separation of powers fundamental to our constitutional system, the necessity, propriety, or wisdom of the ordinance are matters to be determined by the municipal legislative body</u>.  Consequently, courts cannot properly inquire into the expediency, wisdom, or justice of municipal legislation; this is particularly true where an ordinance emanates from an express grant of power.  These matters are exclusively for the municipal legislative body, and courts must give deference to, and not substitute their judgment for, the determination of the municipal legislative body as to such matters.  The validity of an ordinance will be upheld where

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 14 of 26

there is room for a difference of opinion "even though the correctness of the legislative judgment is doubtful." At least, in this connection courts will not look closely into mere matters of judgment where there is a fair basis for difference of opinion. <u>In brief, courts do not pass upon legislative wisdom but upon legislative power</u>.

6 McQuillin **Mun. Corp.** § 20.05 at 12-13 (3d Ed.)(emphasis added).

See also 5. McQuillin, **Mun Corp**,§16.92 "Neither the motives of the members of a municipal legislative body nor the influences under which they act can be shown to nullify an ordinance duly passed in legal form, within the scope of their powers. In such case, the doctrine is that the legislators are responsible only to the people who elect them." 5 McQuillin, **Mun. Corp.**, Section 16.90, note 3. *See Also,* 2A McQuillin **Mun. Corp.**, Section 10.33, Notes 3-10.

The deference accorded legislative discretion has been repeatedly recognized by the Alaska Supreme Court in many contexts, including the disposal of real property by local governments. The Borough's power to manage and dispose of borough land is to be liberally construed. *Cabana v. Kenai Peninsula Borough*, 50 P.3d 298, 803 (Alaska 2002). Furthermore, plaintiffs have the burden of overcoming the presumption that proceedings of the governing body have been conducted in accordance with the law. *Id*.

Plaintiffs express concern that if the Assembly had followed some other process, it would have received more money for the property. While they may take issue with the wisdom of the

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 15 of 26

Assembly's decisions, that does not invalidate the Assembly's actions in disposing of the property. In *Norene v. Municipality of Anchorage*, 204 P.2d 199 (Alaska 1985), three local taxpayers challenged a land exchange between the Municipality and Humana Hospital. Among other things, the taxpayer-plaintiffs alleged that the appraisals involved were out of date and that one contained a $209,000.00 error. In affirming summary judgment against the taxpayer-plaintiffs, the Alaska Supreme Court wrote:

> According to McQuillin, "where a local legis-
> lative body has power to determine the expedi-
> ency or necessity of measures relating to
> local government, its judgment upon the mat-
> ters within the scope of its authority cannot
> be controlled by the courts."

> As we stated in *Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974):

>> It is not a court's role to decide wheth-
>> er a particular statute or ordinance is a
>> wise one; the choice between competing
>> notions of public policy is to be made by
>> elected representatives of the people.

*Id.* at 202 (citing 2 E. McQuillin, **Mun. Corp.**, § 10.33 at 825 (3d Ed. 1979)(emphasis added)).

Plaintiffs, relying on **Brown v. City of Phoenix**, 272 P.2d 358, (Ariz 1954), argue that the Assembly abused its discretion when it adopted Resolution 1906, amended. **Brown** dealt with award of a bid, an action which is more ministerial and differs signifi-cantly from the legislative determination as to the procedure to use in the sale of property. In **Brown** the City was evaluating two bids and made a finding that the bid which resulted in less revenue to the city was better. The finding was not well supported. Here

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 16 of 26

there is no evaluation of the two bids by the Assembly. The bids are equal. Additionally, the process approved by Resolution 1906 amended left no discretion on the part of the Assembly or Borough Staff to favor one bid over another. All parties were subject to the same process.[7]

Further, the determination of whether a particular procedure is in the public interest is entitled to great discretion. Here, the Assembly could have exercised its discretion to accept the offers made by Mr. Pool and others on August 4, 2005, under Resolution No. 1906 as originally presented by Borough staff.[8]   Instead, it exercised its legislative power by adopting Resolution No. 1906, amended, to provide for an auction process coupled with a right of first refusal that could be exercised by the persons who made the August 4 offers that the Assembly rejected.  This measure was designed to more fully test the waters as to the value of the  property.[9]  In addition, the right of first refusal would motivate those participating in the auction aspect of the process to submit the best price they could in order to

---

[7]While Plaintiffs may argue that the role in that process of Mr. Pool and the other persons holding first rights of refusal were different, the relevant facts are that the process was not subject to arbitrary selection of a lower bid based on any non-monetary considerations.

[8]Plaintiff's counsel concedes this fact in the September 30, 2005, letter appended as Exhibit D to the affidavit of Joergen Schade. In the first paragraph on page 3 of that letter he stated "while the Borough could have made the decision in August to sell the parcel to Mr. Pool for $600,000...."

[9]See transcript of the August 15, 2005, Assembly Meeting Exhibit 7, P. 24-41.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 17 of 26

overcome the first refusal rights.

Plaintiffs argue that the right of first refusal depresses the price obtained. However, reasonable logical arguments support the opposite conclusion. If a potential bidder can see all competing bids, they might bid no more than the amount required to exceed the next higher bid. If there is a right of refusal to match the bid, then the bidder must not only beat the other bids, but must bid an amount sufficiently large to dissuade the party with the right of refusal from matching the bid. If Mr. Merrell had bid as high as his purported $934,830 offer[10], then Mr. Pool may not have elected to match the bid.

While the wisdom of Resolution No. 1906, amended, could be questioned, as plaintiffs have done, the court may not substitute its wisdom for that of the elected legislative body. The Assembly clearly had a rational basis for its policy choice. The Assembly made a factual conclusion that the best interests of the Borough were served by a process which included a right of first refusal. This factual determination is subject to substantial deference. See **Area G Home and Landowner's Organization v. Anchorage**, 927 P.2d 728, 732 n.3 (Alaska 1996) citing **San Bernadino Fire & Police Protective League v. City of San Bernadino**, 199 Cal.App.2d 401, 18 Cal.Rptr. 757, 766 (Cal. App. 1962).

---

[10]Which he did not. (Mr. Merrell asserts in his affidavit that his letter of August 12, 2005, was an offer on this parcel. The text of the letter, attached as Exhibit B to Merrell's affidavit, is clearly far from an unequivocal offer. By its terms it invites negotiations.)

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 18 of 26

Looking closely at the factual determination here, the Assembly's decision is well supported. A review of the transcript from the August 15, 2005, meeting makes clear several relevant points. First, as indicated by Assemblymember Kiffer on Page 28 of Exhibit 7, the Assembly desired to retain at least the offers it had, and to solicit higher offers. Assemblymember Lybrand was the first to suggest the right of first refusal. He did so based upon a similar procedure which had recently been used by the Alaska Housing Finance Corporation (AHFC) Assemblyman Lybrand stated:

> "What I think is the fairest way to do this. Is put these things up -- all four of them for 30 days. Minimum bid is what we have submitted. And to give the people that submitted those four bids the right of first refusal on any bids that come in. What I'm talking about -- we just had that situation in the City of Ketchikan recently. Up there in Bear Valley. There was some land that Alaska Housing was putting out for bid -- it was in the cities best interest to have (indiscernible). And Alaska Housing had no qualms at all about giving the city the first right of refusal on the bid. What I'm saying, these people went and they did -- but it shouldn't have been, but they did. Their price is on the table. So, all I got to do now in 30 days is go a buck up more, and they're -- but people when they put their bids up, if we're going to use that as a minimum bid, should have the right of first refusal on the final bid. That would be the reasonable way to handle it."

See Exhibit 7 at 29.

The AHFC sale process referred to involved a transaction in late, 2004. Attached as Exhibit 15 is the November 5, 2004, correspondence from AHFC to the City of Ketchikan regarding this arrangement. Thus, the right of first refusal concept was not dreamed up solely for this transaction. Further, it was a rational decision unrelated to residency or any other protected classification.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 19 of 26

The basis of plaintiffs' various complaints is that Resolution No. 1906, amended, does not provide for what they perceive to be a typical competitive form of process. However, there is no statutory or ordinance requirement that the Borough dispose of real property by competitive bid. In the absence of a statutory or ordinance requirement, municipal contracts need not be let under competitive bidding. 10 McQuillin **Mun. Corp.** § 29.31. This applies whether the contract is for goods and services or sale of land. As discussed above, AS 29.35.090 simply requires that the municipality provide for the disposal of land by ordinance, which the Borough has done by adopting KGB Code § 40.18.010(a) et seq.. That measure provides that the Assembly, in its sole discretion, may dispose of real property by resolution as the Assembly may determine in its sole discretion to be in the best interest of the borough. The Assembly exercised that legislative discretion by adopting the method set forth in Resolution No. 1906, amended. The process set forth in that resolution is the only process the Assembly was required to follow. It did so, and plaintiffs do not suggest otherwise.

Because the Assembly acted within the scope of its legislative powers in promulgating Resolution No. 1906, amended, and because that process was followed in disposing of Parcel B-17, plaintiffs have not met either test for injunctive relief. They have not shown serious and substantial questions going to the merits of the case. They have not shown a high probability of success on the merits.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 20 of 26

Furthermore, the undisputed facts show that the Assembly had a rational public policy reason to exercise its legislative powers to adopt a property disposal method which included a first right of refusal. Therefore, Plaintiffs cannot sustain a claim challenging the authority to adopt Resolution 1906 amended.

## 2. **The Borough is not Estopped.**

Plaintiffs have asserted that the Borough is estopped under **Municipality of Anchorage v. Schneider**, 685 P.2d 94, 97(Alaska 1984) and **Messerli**, *Supra*, and therefore could not undertake a land sale process different than that set out in Resolution 1881. Plaintiffs argue that the doctrine of estoppel bars the Borough from conveying the property to Mr. Pool.

This is a unique context to attempt to apply estoppel. Fundamentally, estoppel is a defense. Estoppel under **Schneider** is recognized as a defense against an enforcement action brought by a public agency. As the Court noted in **Fields v. Kodiak City Council**, 628 P.2d 927, 931 (Alaska 1981); "The defense of estoppel typically applies where a property owner receives a permit that was beyond the power of an administrative officer to grant, the owner detrimentally relies on the validity of the permit, and the local government attempts to revoke the permit and then enforce the ordinance." **Schneider** at 97.

Additionally, Plaintiffs omit discussion of the additional rule that estoppel will only be enforced to the extent that

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 21 of 26

justice requires. Plaintiffs have not cited, and the Borough believes that there is no, authority to apply estoppel in the fashion asserted by Plaintiffs. If estoppel were applied in this fashion then legislative bodies would be precluded from amending any laws if there where individuals who were aware of and relied on such laws. The ridiculousness of such a conclusion is obvious.

Here Resolution 1881 and Resolution 1906, amended, are separate, independently standing legislative actions. It is immaterial whether a right of first refusal is extended to an offeror who made an offer at the August 4, 2005, auction proceedings or an offeror who made an independent offer by letter. If it is permissible for the Borough to adopt a process which includes as an element a right of first refusal, then Resolution 1906, amended is facially sound and the Borough is not estopped from exercising its legislative discretion to adopt a land disposal process which includes a right of first refusal.

Plaintiffs also complain of lack of notice. However, Resolution No. 1906, amended, was duly adopted at a properly noticed public meeting of the Borough Assembly. See Exhibits 8, 9, 10 and 11. Furthermore, plaintiffs' own affidavits show that they were aware of the provisions of Resolution No. 1906, amended, including the right of first refusal.[11] Where Plaintiffs had actual notice of the contemplated procedure and elected to proceed, they clearly did not do so in continued reliance on the procedures in

---

[11]See affidavit of Merrell, Paragraph 9, and affidavit of Schade, Paragraph 13.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 22 of 26

Resolution 1881.

The Borough is not precluded or estopped from exercising its legislative powers to adopt or amend a land disposal process. Plaintiffs' claims on this basis cannot survive a motion to dismiss or for summary judgment.

3. **Plaintiffs equal protection rights have not been violated.**

As Plaintiffs have indicated a mere economic interest such as that involved with a land sale transaction is subject to the minimum level of scrutiny, the rational basis test. Under the rational basis test, in order for a classification to survive judicial scrutiny, the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. See **Reed v. Reed**, 404 U.S. 71, 76, 92 S. Ct. 251, 254, 30 L.Ed. 2d. 225, 229 (1971). Plaintiffs assert that the process adopted in Resolution 1906, amended, made a classification based upon residency, and that such classification discriminated against Schade and Merrell as out of state bidders.

The flaws with this argument are numerous. First, to the extent that the offers, which ultimately were given first right of refusal status, were generated at the August 4th, 2005, auction, the pool of bidders at that auction was not based upon residency. Many bidders, including the successful bidders on some other parcels, such as Mr. Schade, were not local residents.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 23 of 26

Those bidders who made offers which were then communicated to the Assembly for consideration on August 15, 2005, may or may not have been Alaska Residents.[12] The choice of Mr. Merrell to not register as a bidder at the August 4th, 2005, auction, and the strategic choice of Mr. Schade to not bid on these parcels in the competition for offers to be presented to the Assembly, were individual choices they made. These were not residency based discriminatory actions by the Borough. The fact that Mr. Schade and Mr. Merrell now regret those choices does not establish a violation of equal protection.

Next, a review of the record makes clear that until August 15th, 2005, there was no intent on the part of the Borough to incorporate a first right of refusal process into a land disposal. The staff recommendation was to accept the offers which had been solicited on August 4th, 2005. Mr. Schade's counsel admitted in his September 30, 2005, letter (appended as Exhibit D to the affidavit of Mr. Schade) that the Borough could have accepted the offers at that time. Had the intent been to ensure the property went to these four individuals then the Assembly could have done so, but it did not.

The first right of refusal concept was suggested based upon a similar process which had been followed by the Alaska State

---

[12]Plaintiffs did not present any evidence regarding residency of the affected individuals. A review of the transcript from the August 15, 2005, meeting clearly shows that residency was not a consideration.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

Schade-Merrell v. KGB-Pool
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 24 of 26

Housing Authority in a recent disposal, not any residency bias.[13] There is not a scintilla of evidence that the first right of refusal process was intended to have desperate impacts based upon residency.[14]

The classification here was those individuals who had made offers. In the words of Assemblymember Kiffer,

> "Well, carrying the football analogy further. Isn't the ultimate rule to follow, is to never take points off the scoreboard? Yeah, I guess – this – we do have some offers here. I don't know if they're good enough or not. I guess it's up to us to decide. I guess I would be opposed to the amendment. But, I do like the idea of putting this off. Based again – and you know only about a month to go after this."
> Exhibit 7 at 28.

Clearly there was a rational basis for classifying the offers in hand and treating them differently in order to keep "points on the scoreboard" while striving for a greater return.

Based upon the information set forth above Plaintiffs are unlikely to succeed in their equal protection challenge. Further-more, the claim cannot survive summary judgement or a motion to dismiss und F.R. Civ. P. 12(b)(6). The public record shows a

---

[13]Both residents and non-resident bidders who had not made offers on August 4, 2005, were treated the same under Resolution 1906, amended.

[14]Plaintiffs point to a statement at the September 19th, 2005, Assembly meeting regarding "Carpet Baggers", a transcript of that meeting, attached as Exhibit 16, indicates that the context of the discussion was regarding Assembly concerns in a transaction with Renaissance Group which was negotiating with the Borough for acquisition of property on the West side of Ward Cove. The statement bore no relationship to Resolution 1906 amended or the disposal process contemplated by that Resolution. See 5 McQuillin **Murn.Corp.** § 16.92 n.3 quoted on page 15 of this brief, *infra*.

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 25 of 26

legitimate non-discriminatory rational basis for the classification of the offers in hand at the August 15, 2005, meeting.

## IV. Conclusion

Plaintiffs motion for preliminary injunction should be denied based upon 1) the lack of irreparable harm to Plaintiffs; 2) the inability to protect the interest of the Borough without a very substantial bond; and 3) the fact that Plaintiffs have failed to establish any reasonable likelihood of success on the merits. Applying the relevant standard for granting an injunction the requested injunction here must be denied. Further, as discussed above, Defendant Borough is entitled to either dismissal of this matter or entry of summary judgment.

Dated this 5th day of January, 2006.

Certified: On January 5th, 2006, a true and correct
copy of the within and foregoing was
e-mailed to: xxxx
faxed to:
delivered to:
delivered to the court tray of:

Richard L. Nelson, Esq.
Baxter Bruce & Sullivan, P.C.
P. O. Box 32819
Juneau, Alaska 99803
FAX 907-789-1913
  Attorneys for Plaintiffs

Geoffrey G. Currall, Esq.
Keene & Currall, P.C.
540 Water St., Suite 302
Ketchikan, Alaska 99901
FAX 907-225-0540
  Attorneys for Defendant Pool

/s/ Cindy Covault-Montgomery
        Office of the Borough Attorney

MAS:ce\21.036.0031
G:\K\S-M\Opp-TROPI.wpd

OFFICE OF THE BOROUGH ATTORNEY

By /S/ Scott A. Brandt-Erichsen
      Scott A. Brandt-Erichsen
      Borough Attorney

OFFICE OF THE BOROUGH ATTORNEY
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683

*Schade-Merrell v. KGB-Pool*
Case No. J05-0017 CV
Opposition: Motion f/TRO & PI
Page 26 of 26