## KETCHIKAN GATEWAY BOROUGH
## AGREEMENT FOR AUCTION SALE OF REAL PROPERTY

This Agreement for of Sale is made as of this _4th day of **August, 2005** by and between the Ketchikan Gateway Borough, _____*Charles    Pool*  ~~and~~_____, (the "Buyer") of ____*B-17*_____.

### 1.    SALE AT PUBLIC AUCTION

Pursuant to a public auction conducted originally scheduled for **August 4, 2005**    by        the Ketchikan Gateway Borough as the owner of/holder of an interest in the property described herein in **the Ketchikan Gateway Borough**, Alaska, the Buyer, as the highest bidder, agrees to purchase said real property in accordance with the terms hereof, and as set forth in the Ketchikan Gateway Borough Notice of Sale of Real Estate, attached hereto, as Exhibit A.

### 2.    DESCRIPTION OF THE PROPERTY

**LOT B-17** as described in the Preliminary Title Report for Property B-!7 as prepared by Ketchikan Title Agency, Inc., a copy of which is hereto attached and included by reference.

### 3.    TRANSFER OF THE PROPERTY

The premises shall be conveyed by a warranty deed, subject to all encumbrances of record, to the Notice of Sale attached hereto as Exhibit A and to this Agreement for Auction Sale to be signed at the sale, and, in addition, subject to easements, restrictions, agreements and other encumbrances of record, if any, to the extent in force and applicable.

*Deposit to be made upon acceptance of this bid by Borough Assembly.

C. Pool

4.    PRICE AND DEPOSIT

The bid price for which the Property has been sold to the Buyer, including the 5% buyer's premium, is Six Hundred Thirty Thousand Sixty DOLLARS AND NO CENTS ($ 630,060 * of which One Hundred Twenty Six Thousand and No/100 Dollars ($ 126,000.00) (at least 20% of the minimum bid) has been paid this day in accordance with the terms of the Ketchikan Gateway Borough Notice of Sale of Real Estate attached as Exhibit A, with the balance to be paid by certified check or bank check at the time of the delivery of the deed under the terms and conditions set forth as described in the Notice of Sale.  The Ketchikan Gateway Borough shall be entitled to any interest earned on the deposit and the amount to be paid by the Buyer shall not be adjusted to reflect any interest earned on the deposit.  This price includes the Buyer's premium of 5 per cent.

In addition thereto, at the closing the Buyer shall also pay the municipal real estate taxes for the Fiscal Year due as required by law for this conveyance.

5.    CLOSING

The deed and associated papers shall be delivered, and the balance of the consideration paid at closing, to occur at Ketchikan Title Agency within 90 days on or before the **2ND** day of **November, 2005.**

6.    TITLE

Subject to the terms hereof, the Ketchikan Gateway Borough shall convey title by warranty deed. In the event the Ketchikan Gateway Borough cannot convey title to the Property as stipulated herein, the deposit, and if applicable, the balance of the purchase price if paid, shall be refunded and all rights hereunder shall cease, and the Buyer shall have no recourse against the Ketchikan Gateway Borough, or its employees, agents and representatives, whether at law or in equity; provided, however, that Buyer shall have the election to accept such title as the Ketchikan Gateway Borough can deliver to the Property in its then condition and to pay therefor the purchase price without deduction, in which event the Seller shall convey such title.

Ketchikan Gateway Borough Land Auction                                    Agreement for Sale

**EXHIBIT** _____A_____

**Page** _3_ **of** _7_ **Page(s)**

If an actual material defect in the record title shall be claimed by the Buyer, the Buyer shall notify the Ketchikan Gateway Borough in writing with said details at least ten (10) days prior to the date of the delivery of the deed stated above and the Ketchikan Gateway Borough shall be entitled to elect to either terminate this agreement or use thirty (30) days from the date of notice thereof to perfect said title. If the Ketchikan Gateway Borough elects to perfect title, but is unable to clear the record title or to make conveyance as above stipulated, the deposit made hereunder shall be refunded to the Buyer and all obligations of all the parties hereto shall cease and be null and void. Buyer's sole recourse in the event of the Ketchikan Gateway Borough's failure to deliver title as required herein is the return of the deposit.

### 7.    RISK OF LOSS

Ketchikan Gateway Borough shall not be obligated to maintain casualty insurance covering the Property. Risk of loss shall be as of this day on the Buyer. The obligation of the Buyer to pay the full bid price as defined in paragraph 4 is not dependent upon the Ketchikan Gateway Borough's maintenance of insurance and is not dependent upon the state or condition of the property.

### 8.    ACCEPTANCE OF DEED

The acceptance of a deed to the Property by the Buyer or Buyer's nominee, as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed or arising out of said public auction on the part of the Ketchikan Gateway Borough to be performed or observed.

### 9.    CONDITION OF THE PREMISES

The undersigned Buyer acknowledges that no representations or warranties of any kind whatsoever, have been made by or on behalf of the Ketchikan Gateway Borough concerning zoning, abutters, environmental matters, septic systems, state of title, common expenses, utilities, operating expenses, current rental income, physical or structural condition of the premises, any leases, tenancies or occupancy arrangements with respect to the premises, the existence on the premises of any hazardous waste, asbestos, lead-based paint, plaster or other lead-based accessible material, or any other materials which may be subject to governmental regulation or restriction, or any other matters

Ketchikan Gateway Borough Land Auction

EXHIBIT____A_____

Page_3__of_7__Page(s)



whatsoever.  The Buyer acknowledges acquiring the property in its AS IS condition and that no warranties or representations of any kind regarding the property have been made.  Buyer acknowledges that the property is not habitable.  The Buyer acknowledges acquiring the property based solely on his/her independent investigation and inspection of the property and not in reliance on any information, whether verbal or written, supplied or provided, by the Ketchikan Gateway Borough or any representative or employee of the Ketchikan Gateway Borough.

10.     ~~ENVIRONMENTAL~~ *Additional* RESPONSIBILITIES

NOTICE:  That portion of THE INTEREST CONVEYED which was formerly a portion of ATS 1 portion C-2 and the dredge spoils portion of USS 1508 HEREBY IS SUBJECT TO AN ENVIRONMENTAL PROTECTION AGENCY (EPA) EASEMENT AND DECLARATION OF RESTRICTIVE CONVENANTS, DATED OCTOBER 28TH, 1999, RECOREDED IN THE THE KETCHIKAN RECORDING DISTRICT, FIRST JUDICIAL DISTRICT, STATE OF ALASKA, ON OCTOBER 28TH, 1999, BOOK 0305, PAGE 785 THAT IS IN FAVOR OF, AND ENFORCEABLE BY, THE STATE OF ALASKA.

**BUYER** in further consideration for, and as a condition to, this Agreement, hereby agrees that the real property interests it hereby is acquiring from **SELLER**, whether by deed, lease, deed of trust assignment or release, or otherwise, are subject to the same limitations and conditions as the ones applicable to Seller which are set forth in that certain agreement dated July 14, 2003, a copy of which is attached hereto and is incorporated by reference as though fully set forth. In particular, all releases, waivers and limitations on claims against Ketchikan Pulp Company, its agents, servants, employees, officers, directors, partners, principals, shareholders, or any of their insurance companies and contractors, including but not limited to environmental claims, whether arising under CERCLA, 42 U.S.C. subsection 9601 et seq.; RCRA, 42 U.S.C. subsection 6901 et seq.; AS 46.03.822; or otherwise, as they now exist or hereafter may be amended, to which Seller concurred, are hereby agreed to be applicable and in full force and effect. Further, the parties to this Agreement agree that Ketchikan Pulp Company, its shareholders, successors, heirs and assigns, are third party beneficiaries of this Agreement and any future agreements concerning the property. BUYER HEREBY AGREES THAT LANGUAGE IDENTICAL TO THE PREVIOUS TWO PARAGRAPHS SHALL BE INCORPORATED INTO ANY FUTURE LEASE, SALE, OR CONVEYANCE OF ANY INTEREST INCLUDING DEEDS OF TRUST IN ALL OR PART OF THIS PROPERTY.

**EXHIBIT** *A*

**Page** *4* **of** *7* **Page(s)**



11.    BUYER'S DEFAULT; DAMAGES

If the Buyer shall fail to fulfill the Buyer's agreements herein, all deposits made hereunder by the Buyer shall be retained by the Ketchikan Gateway Borough and the Buyer shall reimburse the Ketchikan Gateway Borough for all costs and expenses incurred by the Ketchikan Gateway Borough, in excess of the amount of the deposit, due to the Buyer's default, including the costs and expenses of subsequent sales of the Property or any portion thereof and attorneys' and auctioneers' fees in connection therewith. The Ketchikan Gateway Borough shall also be free to sell the Property to the second highest bidder at the public auction in accordance with the terms announced at the public auction. At the option of the Ketchikan Gateway Borough, the Buyer shall be liable for any and all other damages arising from said default. All rights and remedies of the Ketchikan Gateway Borough are reserved and not waived.

12.    RECORDING FEES

The Buyer shall pay all recording fees in connection with the transfer of the Property, along with any other applicable charges assessed by reason of said transfer.

13.    CONSTRUCTION OF AGREEMENT

This instrument, executed in duplicate, is to be construed under the laws of the State of Alaska. It sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the Ketchikan Gateway Borough and the Buyer. If two or more persons are named herein as Buyer, their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it. In the event of an inconsistency between the Notice of Auction Sale of Real Estate and this Agreement, the terms of the Agreement shall control. Venue for litigation over any claims shall be in the Courts of the State of Alaska, First Judicial District, in Ketchikan.

14.    POSSESSION.

Buyer shall be entitled to possession on closing.

15.    NOTICES AND COMPUTATION OF TIME.

Unless otherwise specified, any notice required or permitted in, or related to, this Agreement must be in writing. Notices to Seller must be signed by at least one Buyer and must be delivered to Seller. A notice to Seller shall be deemed delivered only when received by Seller. Notices to Buyer must be signed by Seller and must be delivered to Buyer. A notice to Buyer shall be deemed delivered only when received by Buyer. Buyer shall keep the Seller informed of Buyer's whereabouts to receive prompt notification of receipt of a notice.

Unless otherwise specified in this Agreement, any period of time in this Agreement shall begin the day after the event starting the period and shall expire at 5:00 p.m. Alaska time of the last calendar day of the specified period of time, unless the last day is a Saturday, Sunday or legal holiday, in which case the specified period of time shall expire on the next day that is not a Saturday, Sunday or legal holiday. Any specified period of five (5) days or less shall not include Saturdays, Sundays or legal holiday.

16.    MISCELLANEOUS PROVISION.

a.    **Complete Agreement.** The Agreement and any addenda and exhibits to it state the entire understanding of Buyer and Seller regarding the sale of the Property. There are no verbal or written agreements which modify or affect the Agreement.

b.    **No Merger.** The terms of the Agreement shall not merge in the deed or other conveyance instrument transferring the Property to Buyer at closing. The terms of this Agreement shall survive closing.

c.    **Counterpart Signatures.** The Agreement may be signed in counterpart, each signed counterpart shall be deemed an original, and all counterparts together shall constitute one and the same agreement.

d.    **Facsimile Transmission**. Facsimile transmission of any signed original document, and retransmission of any signed facsimile transmission, shall be the same as delivery of an original. At the request of either party, or the Closing Agent, the parties will confirm facsimile transmitted signatures by signing an original document.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

BUYER

_____

Roy Eckert
Ketchikan Gateway Borough
Borough Manager

Buyer:_

Address:

Tel:

Buyer:_

Address:

Tel: