**Richard L. Nelson**
**ABA No. 0209036**
**Baxter Bruce & Sullivan, P.C.**
**P.O. Box 32819**
**Juneau, Alaska 99803**
**phone: (907) 789-3166**
**fax: (907) 789-1913**
**rnelson@baxterbrucelaw.com**
**Attorneys for Plaintiffs**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **JOERGEN SCHADE and ROBERT MERRELL** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **KETCHIKAN GATEWAY BOROUGH and CHARLES POOL** | ) |
| | ) |
| **Defendants** | )     **Case No. J05 - 0017 CV (RRB)** |

_____

## PLAINTIFFS' OPPOSITION TO DEFENDANT KETCHIKAN GATEWAY
## BOROUGH'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, AND
## PLAINTIFFS' MOTION UNDER RULE 56(f), FED. R. CIV. P.

Plaintiffs submit this opposition ("Plaintiffs' Opposition") to the motion of Ketchikan Gateway Borough ("KGB") to dismiss or for summary judgment. Plaintiffs have previously, in their Reply to Defendants' Oppositions to Motion for Injunctive Relief ("Plaintiffs' Reply"), dealt with many of the substantive issues raised by KGB's motion.[1] Therefore, to avoid repetition, Plaintiffs adopt and incorporate herein by reference Plaintiffs' Reply, as allowed by Local Rule 10.1(h)(1). In addition to Plaintiffs' Opposition and Plaintiffs' Reply, the

---

[1] Indeed, because KGB couched its response to Plaintiffs' claim for injunctive relief in terms of an affirmative motion of its own, *i.e.,* as a Rule 12(b)(6) motion to dismiss or for summary judgment, Plaintiffs' Reply does directly respond to such motion.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 1 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

complaint for declaratory and injunctive relief ("First Amended Complaint"), memorandum in support of injunctive relief ("Plaintiffs' Memorandum") and supporting affidavits ("Schade Aff." and "Merrell Aff.") filed by Plaintiffs adequately demonstrate that KGB's motion should be denied.[2]   Certain points, however, in KGB's motion are not addressed in Plaintiffs' Reply and warrant a further response.

**Standards for Motion to Dismiss**

1. Properly applied, the standards for a Rule 12(b)(6) motion to dismiss demonstrate that KGB's motion should be denied.

2. In its cursory reference to the standard for analyzing a motion to dismiss,[3]  KGB fails to take into account that "notice pleading" has been embraced by the Federal Rules of Civil Procedure.   Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 5 <u>Fed. Prac. & Proc. Civ. 3d</u> § 1202 (Supp. 2005).

3. When the allegations of the First Amended Complaint are analyzed in light of the motion to dismiss standard and the lenient notice pleading requirements, only one conclusion can be reached.  All causes of action alleged by Plaintiffs have been asserted sufficiently to meet the letter and spirit of the pleading requirements set forth in the Federal Rules of Civil Procedure.  The elements of each cause of action on the merits, (1) arbitrary conduct/abuse of discretion, (2) estoppel, and (3) equal protection, have been briefed in Plaintiffs' Memorandum, and that briefing will not be repeated here.

4. The purpose of a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6) is to test the sufficiency of a claim for relief prior to discovery.  Of necessity, the motion must be considered in the light of Rule 8(a)'s requirement of keeping pleadings short and plain.  Wright, Miller & Cooper, 5B <u>Fed. Prac. & Proc. Civ. 3d</u> § 1356 (Supp. 2005).  Accordingly, a motion to dismiss does not provide an opportunity for deciding contested factual issues or the merits of a case.  *Id.*  The issue is not whether the plaintiff will ultimately prevail. Rather, the question is whether a plaintiff will have the opportunity to offer evidence and have the case decided properly on the merits.

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

---

[2] All other abbreviated, capitalized terms used herein are the same as those used in Plaintiffs' Reply.  For reference, the abbreviated, capitalized terms are defined on pp. 1-3 of Plaintiffs' Reply.

[3] *See* KGB Response at p. 7.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 2 of 12; Case No. J05-0017 CV (RRB)**

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  As such, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

5.  Further, in considering the motion, the allegations of the complaint are taken as true and construed in the manner most favorable to the pleader.  Scheuer, 416 U.S. 232 at 236.

The Federal Rules of Civil Procedure simply require that the pleadings provide "a short and plain statement of the claim."  Rule 8(a)(2), Fed. R. Civ. P.  Historically, pleadings served a broader role and were required to state all the facts, narrow the issues to be litigated, and provide for quick disposition of frivolous claims.  In recent times, however, these purposes have been subsumed by the modern rules of civil procedure and are now thoroughly served by pre-trial discovery and motions for summary judgment.  Wright, Miller & Cooper, 5B Fed. Prac. & Proc. Civ. 3d § 1202 (Supp. 2005).  Therefore, pleadings are intended to give fair notice to the defendant of the nature of a claim, not to lay out in detail all facts upon which a claim will ultimately be tried.  Conley, 355 U.S. at 47-48.

6.  Additionally, pleadings are to be "construed as to do substantial justice."  Rule 8(f), Fed. R. Civ. P.  Therefore, the further fleshing out of the facts and details of each claim is properly and best done through discovery, not through a party's pleadings.

7.  Given Rule 8(a)'s requirement that pleadings be kept plain and simple, there is a "powerful presumption against rejecting pleadings for failure to state a claim."  Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citing Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985)).  In the Ninth Circuit, the motion is in fact disfavored and rarely granted.  Hall v. Santa Barbara, 833 F.2d 1270, 1274 (9th Cir. 1986); see also Gilligan, 108 F.3d at 249.  Even when faced with insufficient complaints, the court's solution is normally to grant the plaintiff leave to amend.  Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988).

8.  Viewed under this standard, there can be no doubt that KGB's motion to dismiss should be denied.

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

**Standards for Summary Judgment**

9.  However, to the extent KGB's motion is considered under Rule 56, it cannot survive scrutiny under summary judgment standards.

10. Summary judgment is appropriate under Federal Rule 56(c) only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. See <u>Tarin v. County of Los Angeles</u>, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). That burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.  Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial. *See id.* at 323-24; <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 248 (1986).

11. Here, KGB has failed to meet its initial responsibility to show—to "point out" (*see* <u>Celotex</u>, supra at 323)—an absence of evidence to support Plaintiffs' case.  After its brief reference to the summary judgment standard,[4] KGB spends the remainder of its brief addressing its argument for why Plaintiffs have not met the standards for injunctive relief.[5]  Nevertheless, even in that discussion, the only item pointed out by KGB as an "absence of evidence" is Plaintiffs' alleged failure to prove that the holders of the rights of first refusal were area residents.[6]  KGB is incorrect.  That Pool is an area resident has been admitted. *See* Pool Aff. at ¶ 2.  Plaintiffs alleged that these individuals were local residents, based upon information and belief, supported by affidavit.[7]  Plaintiffs did not have information regarding the identities of these other three individuals and have not yet had an opportunity in discovery to confirm or disconfirm their belief about their residence.  However, KGB, as the recipient of the bids, requires

---

[4] pp.7-8, KGB Response.

[5] pp. 8-26, KGB Response.

[6] KGB Response at p. 24, footnote 12.

[7] *See* ¶ 16, First Amended Complaint.  The basis for this belief was stated by Schade at ¶ 17 in his affidavit.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 4 of 12; Case No. J05-0017 CV (RRB)**

1   residence information from each bidder in the Bidder's Form and could easily refute the

2   allegation if it were not true.[8]    That KGB possesses this information is further

3   confirmed by the fact that KGB wrote a letter to Pool, at his Ketchikan address,

4   notifying him that he had been granted a right of first refusal, and presumably wrote

5   similar letters to the other bidders at their addresses.[9]    Notwithstanding its easy access

6   to this information, KGB did not deny that the other three parties who were granted

7   rights of first refusal were area residents and chose only to attach Pool's Bidder's Form

8   to its memorandum.[10]

9   12. However, even if discovery were to show that one or more of the other persons was not

10      an area resident, such fact would only go to the equal protection claim, where

11      discriminatory purpose/impact relies upon a distinction between made between classes

12      of persons, in this case local residents v. out-of-state residents.  It would not affect either

13      Plaintiffs' claim of arbitrary conduct by KGB or the claim of estoppel against KGB.

14      Thus, for example, even if Mr. Pool were the only local beneficiary of KGB's arbitrary

15      conduct, KGB's conduct is nevertheless actionable and a genuine fact issue regarding

16      such conduct has been presented.

17  13. Having failed to meet its initial burden, KGB cannot properly contend that the burden

18      has shifted to Plaintiffs to go beyond the pleadings to demonstrate a genuine fact issue

19      for trial.  Nevertheless, Plaintiffs have done so.

20  14. In fact, Plaintiffs have gone well beyond this standard, demonstrating quite a number of

21      central facts to be either undisputed or otherwise established as a matter of law.  *See*,

22      *e.g.,* the listing of facts and supporting evidence in Plaintiff's Reply at pp. 2-5 and the

23      accompanying footnotes.

24  15. Alternatively, at a minimum, Plaintiffs have raised the following genuine fact issues for

25      trial:

---

[8] *See* Merrell Aff., Exhibit D at p. 4, the Bidder's Form for the Second Auction, where the bidder was required under "Bidder Information" to list "Place of Residence" among other identifying information.

[9] *See, e.g.,* Exhibit B, Pool Response—letter dated 8/26/05 from KGB to Pool at his Ketchikan address notifying him of his being granted a right of first refusal on B-17.

[10] *See* discussion at Plaintiffs' Reply at p. 4, subparagraph f; KGB Response, Exhibit 12.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 5 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

a) Whether KGB failed to amend the First Resolution to revise the provision regarding the requirement of Minimum Bids at the First Auction held on August 4, 2005. Evidence has been presented of the only authorized resolution for the First Auction.[11] KGB has tacitly admitted that the First Resolution was the only resolution governing the First Auction.[12] That this resolution had not been amended is also implied by the comments of its Assembly Member Landis.[13]

b) Whether, without prior notice,[14] bids less than the Minimum Bids were received at the First Auction, including Pool's bid of $600,000. Such bids were in fact received.[15]

c) Whether Plaintiffs relied to their detriment on the original auction rules incorporating the requirement of the Minimum Bids. They did.[16]

d) Whether KGB ignored, or rejected out of hand, Merrell's written offer of $934,830 dated August 10, 2005. KGB did so.[17]

e) Whether KGB, in the Second Resolution: (1) adopted Pool's previous bid of $600,000 (as well as the other bids, the receipt of which at the First Auction was prohibited by the First Resolution) as the Revised Minimum Bids for the Second Auction, *and* (2) then granted those bidders rights of first refusal at

---

[11] *See* Resolution No. 1881, Schade Aff., Exhibit A, and KGB Response, Exhibit 1.

[12] *See* KGB Response, Exhibit 8, Resolution No. 1906 Amended, Recitals D-F; *see also* discussion in KGB Response at pp. 2-3.

[13] *See* Plaintiffs' Reply, p. 2, footnote 3; KGB Response, Exhibit 7, p.28.

[14] *See* Schade Aff., ¶ 13 and Merrell Aff., ¶¶ 8-9; *see also* comments of Assembly members referenced at Plaintiffs' Reply, p. 3, footnote 5.

[15] *See* Schade Aff., ¶ 10; KGB Response at pp. 2-3.

[16] *See* Merrell Aff., ¶9; Assembly members' comments cited and discussed in Plaintiffs' Reply, p. 3, footnote 5; *see also* Schade Aff., ¶ 10;

[17] Merrell Aff., ¶¶ 5 and 6, and its Exhibits A-C; Merrell's offer was never brought up at the 8/15/05 Assembly meeting and was rejected only two days later --*compare* KGB Response, Exhibit 5 (Agenda Statement of 8/15/05 meeting); Exhibit 6 (Minutes of 8/15/05 meeting), and Exhibit 7 (Transcript of 8/15/05 meeting) with Merrell Aff., Exhibit C (cursory letter by the Borough Property Manager, Lisa Machado, returning the $50,000 earnest money, without comment or explanation of the rejection of Merrell's offer on B-17.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 6 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

1  those or any higher amounts that might be bid at the Second Auction.  KGB did

2  so.[18]

3  f)  Whether the bids KGB adopted were acknowledged to be below market value,

4      notwithstanding the fact that the Assembly staff had been directed to seek fair

5      market value in the Second Auction.  They were so acknowledged.[19]

6  g)  Whether the Second Resolution was not actually adopted until September 6,

7      2005, at least two weeks after the beginning of the bid process, including

8      distribution of bid documents, for the Second Auction.  It was not adopted until

9      then.[20]

10  h)  Whether KGB publicly advertised the Second Auction as a competitive, open

11      bid sale. KGB did so advertise it.[21]

12  i)  Whether KGB disclosed in the bid documents and/or advertisements for the

13      Second Auction the existence of the questioned rights of first refusal.  KGB

14      failed to disclose their existence.[22]

15  j)  Whether Plaintiffs were the highest bidder (Schade at $815,000) and second

16      highest bidder (Merrell at $810,000), respectively, in the Second Auction. They

17      were.[23]

---

[18] KGB Response, Exhibit 8, Resolution No. 1906 Amended, Recitals D-F, and Section 1B and 1C; *See* Schade Aff., ¶¶ 5, 13 and Merrell Aff. ¶ 9; *see also* KGB Response at p. 3, where KGB concedes, "The minimum bid for each parcel was set at the amount of the offer for that parcel made on August 4, 2005.  Also, the persons who made offers solicited at the August 4, 2005, auction were given a right of first refusal to purchase the property."

[19] KGB Response, Exhibit 8, Resolution No. 1906 Amended, *compare* Recitals F and G.

[20] KGB Response, Exhibit 8, Resolution No. 1906 Amended, p. 3 showing the adoption date to be September 6, 2005, though discussed at the 8/15/05 Assembly meeting.  Apparently the motion at the 8/15/05 meeting "did not include all of the mechanics of the procedure." *See* Exhibit B, Pool Response—letter dated 8/26/05 from KGB to Pool.  The final day of the Second Auction was September 20, 2005, so the availability of bid documents as well as the bid process itself had to have started no later than August 21, 2005. *See* KGB Response, Exhibit 8, Resolution No. 1906 Amended, Section 1B.

[21] *See* Schade Aff., ¶ 12 and Merrell Aff., ¶ 8; *see also* KGB Response, Exhibit 8, Resolution No. 1906 Amended, Recital G; *see also* Exhibit 6, p.7, Minutes of 8/15/05 Assembly meeting.

[22] *See* Schade Aff., ¶ 12 and Merrell Aff., ¶ 8 and Merrell's signed Bidder's Form, Exhibit D, acknowledging no addenda, "None per Lisa [Lisa Machado, Borough Property Manager] 9/19/05"; *see also* Pool's signed Bidder's Form, acknowledging, "No Addendums," KGB Response, Exhibit 12, p. 5.

[23] Schade Aff., Exhibit C, letter of 9/27/05 from KGB to Schade acknowledging the bid amounts for Schade ($815,000), Merrell ($810,000), and Pool ($600,000).

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 7 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

k) Whether Pool merely repeated his $600,000 bid from the First Auction in the Second Auction, due to his having been granted the questioned right of first refusal. He did.[24]

l) Whether KGB failed in its duty to make a "best interest" determination as to which offer was the highest and best under the circumstances, but instead mechanically applied the right of first refusal. It made no such determination.[25]

m) Whether Schade would have bid higher than he did at the Second Auction but for his having heard a rumor, on the eve of the final day of the Second Auction, of the possible existence of rights of first refusal. He has affirmed that he would have bid higher.[26]

n) Whether the bidding process in the Second Auction was fair and competitive for all bidders, or whether the bidding was chilled by KGB's conduct. The evidence shows that the process was not fair and resulted in a stifling of the bidding.[27]

o) Whether Pool and/or the other bidders who were granted rights of first refusal are local residents. (necessary only for the equal protection claim). The evidence that they are remains unrefuted. In fact, the only evidence on this

---

[24] See footnote 23 above; see also KGB Response at p. 4.

[25] See KGB Response at p. 17, footnote 7; KGB Response, Exhibit 7, p. 31--comments of Assembly Members Lybrand and Thompson at the 8/15/05 meeting: Mr. Lybrand: "In other words if somebody comes in – I bid X amount and they bid X plus two dollars, I can come in and buy it for X plus two dollars?" Mr. Thompson: "Correct."; see also discussion in Plaintiffs' Reply at ¶ 2, pp. 5-6.

[26] Schade Aff. at ¶¶ 15-16.

[27] Schade Aff. at ¶¶ 13-17; Merrell Aff., ¶¶ 8-9. Bidders had been lulled into not attending or bidding in the First Auction by their reliance on the requirement of Minimum Bids (see cites of Assembly members' comments in Plaintiffs' Reply, footnotes 3 and 5), never guessing that below-minimum bids would be received and then would be given such preferential treatment in the Second Auction. In the Second Auction, bidders were then discouraged from bidding as high as they otherwise would have. See footnote 26 above. Not only did that affect bidders like Schade and Merrell, but a bidder like Pool had no incentive whatsoever to bid any higher than he had in the First Auction, due to his preferential position as the holder of a right of first refusal. The best evidence of that fact is his Second Auction bid---$600,000, exactly the same as in the First Auction. See KGB Response, Exhibits 12, p.4.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 8 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

issue is Pool's admission and Plaintiffs' allegation, upon information and belief, supported by Schade's Affidavit.[28]

p) Whether KGB intended, by granting the rights of first refusal in the Second Resolution, to discriminate in favor of its local residents and whether such discriminatory purpose had a corresponding discriminatory impact on Plaintiffs, as out-of-state residents (necessary only for the equal protection claim). The circumstantial evidence shows that it did.[29]

q) Whether there was any legitimate governmental purpose served by granting rights of first refusal under these circumstances in the Second Resolution. (necessary only for the equal protection claim). There was none.[30]

16. The legal issues that flow from these genuine fact issues are dealt with in the First Amended Complaint, Plaintiffs' Memorandum and Plaintiffs' Reply. They include:

a) Whether the *ad hoc* rules change regarding Minimum Bids at the First auction was illegal for lack of an authorizing amendment to the First Resolution (i.e., whether the receipt of bids below the Minimum Bids at the First Auction was unauthorized). Plaintiffs assert that it was.

b) Whether the Second Resolution was tainted, and therefore illegal, either because:

   i. It adopted the unauthorized bids referenced in subparagraph a) as the Revised Minimum Bids; and/or

   ii. It granted preferential rights of first refusal to Pool and others based on the unauthorized bids from the First Auction.

Plaintiffs have produced evidence that the Second Resolution was tainted by both.

---

[28] *See* discussion of the evidence at ¶ 11 of text of Plaintiffs' Opposition, above.

[29] Here, Plaintiffs can only refer to the totality of the evidence, set forth in its Pleadings, Memoranda and Affidavits, as well as the admissions previously referred to in Defendants' Pleadings, Memoranda and Affidavits. (including, but not limited to Assembly Members' comments. *See, e.g.,* discussion in Plaintiff's Reply at footnotes 5 and 17).

[30] *See* footnote 29, above.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 9 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

c) Whether, regardless of KGB's intent or lack of intent, its various acts and omissions, individually or in combination, amounted to arbitrary conduct, resulting in an abuse of discretion. Plaintiffs' authorities demonstrate that the Court should so conclude.

d) Whether, regardless of its intent or lack of intent, KGB should be estopped to convey the property to Pool. Evidence supporting the elements of estoppel has been shown.

e) Whether KGB, by its conduct, denied Plaintiffs' constitutionally guaranteed equal protection rights. Plaintiffs' evidence is sufficient to allow a reasonable finder of fact so to conclude.

f) Whether the Court should set aside the Second Resolution and/or its offending provisions as well as any attempted sale or transfer to Pool. Plaintiffs believe this is the appropriate ultimate relief.

17. Therefore, (a) because certain facts necessary to Plaintiffs' claim are either undisputed or have been established as a matter of law, and/or (b) because of the existence of genuine issues of material fact, summary judgment is improper and should be denied.

**Motion under Rule 56(f), Fed. R. Civ. P.**

18. Alternatively, Plaintiffs point out that this case is in its infancy. No discovery at all has taken place. Indeed, Defendants have yet to file answers. Therefore, Plaintiffs have not been afforded an opportunity to conduct any necessary discovery.[31]

19. Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). Where a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely.

---

[31] *See* Affidavit of Richard L. Nelson in support of Rule 56(f) motion, submitted herewith.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 10 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau, Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

*See* <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001) ("...the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.' ") (citing <u>Anderson v. Liberty Lobby, Inc.,</u> 477 U.S. 242, 250 n. 5 (1986)); *see also* <u>Berkeley v. Home Ins. Co.,</u> 68 F.3d 1409, 1414 (D.C.Cir.1995) (describing "the usual generous approach toward granting Rule 56(f) motions"); <u>Wichita Falls Office Assoc. v. Banc One Corp.,</u> 978 F.2d 915, 919 n. 4 (5th Cir.1992) (Rule 56(f)-based "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (internal quotation marks and citation omitted)); <u>Sames v. Gable</u>, 732 F.2d 49, 52 (3d Cir.1984).

20. At a minimum, interrogatories under Rule 33 and document requests under Rule 34 of the Federal Rules of Civil Procedure should be allowed to Plaintiffs with respect to the First Auction, the rights of first refusal granted, and the Second Auction. Depending upon the responses given, additional discovery may be necessary by oral deposition of Mr. Pool, Mr. Roy Eckert (Borough Manager), appropriate members of the KGB Assembly and of the Ad Hoc Committee, Ms. Lisa Machado (Borough Property Manager), other bidders at the First Auction who were granted rights of first refusal, and/or the auctioneer, James G. Murphy, Inc. While KGB has attached voluminous documents to its Memorandum (unsupported by authenticating affidavits and in some instances without any certification[32]), Plaintiffs have been afforded no written discovery or deposition discovery with which to examine witnesses regarding the events in question and the contents of the attached documents, to explore the completeness of such documents and/or to seek others which are relevant and could or should have

---

[32] *See, e.g.,* KGB Response, Exhibits 12-15.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 11 of 12; Case No. J05-0017 CV (RRB)**

been attached.[33]  This discovery is necessary to be able adequately to respond to KGB's broad-brush motion.

21. Plaintiffs therefore move, under Rule 56(f) of the Federal Rules of Civil Procedure, that KGB's motion be denied or, alternatively, continued until Plaintiffs have had an adequate opportunity for discovery in order to oppose the motion, to the extent it is considered as a motion for summary judgment under Rule 56.

### Conclusion

22. For the foregoing reasons, Plaintiffs request that KGB's motion be denied or, in the alternative, and to the extent that KGB's motion is considered on summary judgment grounds, that Plaintiffs be granted a continuance sufficient to afford them an adequate opportunity through discovery to obtain evidence necessary for their response.

DATED this 17th day of January, 2006.

BAXTER BRUCE & SULLIVAN P.C.


s/ Richard L. Nelson
P.O. Box 32819
Juneau, Alaska 99803
Phone: (907) 789-3166
Fax: (907) 789-19193
E-mail: rnelson@baxterbrucelaw.com
ABA No. 0209036

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2006, a copy of the foregoing was served electronically on Scott Brandt-Erichsen and Geoffrey Currall.


s/ Richard L. Nelson

---

[33] In some instances, for example, limited transcripts, excerpted by KGB, of Assembly meetings were presented. In other instances, material and relevant pieces of correspondence or documents were not attached to KGB's response—*e.g.,* Bidder's Forms signed by the other 3 bidders at the First Auction who were granted rights of first refusal, showing residence, to name only one example.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendant Ketchikan Gateway Borough's Motion to Dismiss or for Summary Judgment and Plaintiffs' Motion Under Rule 56(f), Fed. R. Civ. App.; Page 12 of 12; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913