Scott A. Brandt-Erichsen
ABA No. 8811175
Office of the Borough Attorney
334 Front Street
Ketchikan, Alaska 99901
TEL 907-228-6635
FAX 907-228-6683
Attorney for Ketchikan Gateway Borough

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF ALASKA

**Joergen Schade** and
**Robert Merrell**,

Plaintiffs,

v.

**Ketchikan Gateway Borough** and
**Charles Pool**,

Defendants.

Case No. J05-0017 CV(RRB)

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT KETCHIKAN GATEWAY BOROUGH'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

## I. Dismissal for failure to state a claim under F.R. Civ. P. 12(b)(6) is warranted.

It is apparent that some material beyond the pleadings has been submitted to the Court. However, for purposes of its Motion To Dismiss, the Borough requests that the Court disregard all such factual matters, accept arguendo the plaintiffs' alleged facts in their First Amended Complaint, and then rule, as a matter of law, that plaintiffs have failed to state a claim upon which relief can be granted. The law upon which the Court should rely includes KGB

40.18.010 and KGB Resolution 1906 Amended. The court should disregard all affidavits and evidence filed with the motion and opposition to the extent that the attachments are not a matter of public record (or subject to judicial notice) and consider the motion under the Rule 12(b)(6) standard.

Furthermore, because the motion can be ruled upon under the 12(b)(6) standard, there is no need to allow Plaintiffs the opportunity to conduct discovery prior to issuing a ruling[1]. (As may be allowed under a Rule 56 motion for summary judgment). Under the 12(b)(6) standard, the court may consider the Borough Ordinances, Resolutions, bid packets, agenda meeting packets and Assembly Meeting minutes as they are referred to extensively in the Plaintiffs' complaint, relied upon therein, and are a matter of public record.

"On a motion to dismiss, however, a court may take judicial notice of facts outside the pleadings. **Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.**, 245 F.2d 67, 70 (9th Cir. 1956); 5 C. Wright & A. Miller, **Federal Practice & Procedure**, § 1363 at 659-60 (1969). Moreover, a court may take judicial notice of 'records and reports of administrative bodies.' **Interstate Natural Gas Co. v. Southern California Gas Co.**, 209 F.2d 380, 385 (9th Cir. 1953).

[1] This issue is addressed in more detail in Section III, infra at page 19.

Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment. See **Phillips v. Bureau of Prisons**, 192 U.S. App. D.C. 357, 591 F.2d 966, 969 (D.C. Cir. 1979).” **Mack v. South Bay Beer Distributors**, 798 F.2d 1279 (9th Cir. 1986).

“[A] court may consider ‘material which is properly submitted as part of the complaint’ on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. **Branch v. Tunnell**, 14 F.3d 449, 453 (9th Cir. 1994). If the documents are not physically attached to the complaint, they may be considered if the documents’ ‘authenticity …is not contested’ and ‘the plaintiff’s complaint necessarily relies’ on them.” **Parrino v. FHP, Inc.**, 146 F3d 699, 705-06 (9th Cir. 1998).

"We have said that a document is not ‘outside’ the complaint if the complaint specifically refers to the document and if its authenticity is not questioned. **Townsend v. Columbia Operations**, 667 F.2d 844, 848-49 (9th Cir. 1982). The leading commentators state that when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading. 5 Charles Alan Wright & Arthur R. Miller, **Federal Practice and Procedure** § 1327, at 762-63 (2d ed. 1990); accord **Romani v. Shearson Lehman Hutton,** 929 F.2d 875, 879 n.3 (1st Cir. 1991). As it makes sense

and comports with existing practice, we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does "not convert the motion to dismiss into a motion for summary judgment. **Romani**, 929 F.2d at 879 n.3." **Branch v. Tunnell**, 14 F.3d 449, 453 (9th Cir. 1994).

Here, Plaintiffs' first Amended Complaint, Docket 18, references KGB Code 40.18.010, Resolution 1881, and Resolution 1906 amended. There is no dispute as to the authenticity of the resolutions 1881 and 1906 amended, the agenda packets when they were presented, minutes from the meetings at which they were considered, and transcripts of the relevant portions of the meetings. These items are properly considered in connection with a motion to dismiss under F.R. Civ.P. 12(b)(6).

**A. If the Borough has the authority to sell property pursuant to Resolution 1906 amended, Plaintiffs fail to State a claim for which relief can be granted.**

In Plaintiffs' opposition, Plaintiffs have conceded that a resolution is adequate to authorize the sale of real property by the Borough. Plaintiffs direct the focus on whether the decision made at the August 4th, 2005, auction to solicit offers in amounts less then the 2005 assessed value, which had been identified as the

minimum bid, was illegal for lack of an amendment to resolution 1881 authorizing this activity.[2] This argument is misdirected.

First, the argument would be relevant if, for example, the Borough sought to sell the parcels for those less than minimum bid amounts based upon the authority in resolution 1881. Clearly, Resolution 1881 did not grant the authority to close transactions selling these parcels for less than the minimums authorized in resolution 1881. This is why a subsequent resolution was necessary in order to authorize the sale of these parcels. That resolution, Resolution 1906, was rejected and another resolution (Resolution 1906 amended) was adopted to authorize the sale.

Having conceded that the Borough could establish a sale procedure by resolution, the only method to thwart the sale here is if Plaintiffs can establish that either 1) Resolution 1906 amended is invalid, or 2) the procedures in Resolution 1906 amended were not followed. Plaintiffs have not challenged the latter. Thus, in order to prevail, Plaintiffs must establish that Resolution 1906 amended is invalid. [3]

---

[2] See Plaintiffs' opposition (Docket 35) at 9, lines 14-17.

[3] Although it did not do so here, the Assembly has the authority to adopted a resolution specifically approving a sale to a specific individual without any bid process. In fact, if it elected to do so, the Assembly could, as an exercise of its legislative discretion, adopt a resolution nullifying Resolution 1906(amended) with respect to this parcel and directing that the property be sold to John Doe without any competitive process.

DEFENDANT KETCHIKAN GATEWAY BOROUGHS REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
Schade et.al. v. KGB et.al.
1J05-0017 CV (RRB) 5

As discussed in Docket 25, Municipal legislative enactments are entitled to presumption of validity.[4] They are also entitled to substantial deference. The primary reasons upon which Plaintiffs argue that Resolution 1906 amended is defective are 1) taking the offers solicited at the auction on August 4th, 2005, and proposing sales based upon those dollar amounts, and further including a right of first refusal based upon those offers, produced a tainted process;[5] 2) That it is invalid because the Borough is estopped from changing the process adopted by Resolution 1881; and 3) That Resolution 1906 amended is invalid because it violates the equal protection rights of Plaintiffs.

As discussed in the Borough's Memorandum in support of its Motion to Dismiss or in the Alternative for Summary Judgment (Docket 25), it is irrelevant whether the offers which were given a right of first refusal were from a classification of offers solicited at the August 4th, 2005, auction or from unsolicited independent sources. If the Borough would have the legal authority to extend a right of first refusal to anyone in any circumstances the sole question here would be whether the classification was legitimate.[6] Plaintiff's do not argue that no municipality may ever

---

[4] See Docket 25 at 14-16.

[5] See Plaintiffs' opposition (Docket 35) at 9, lines 18-25.

[6] This issue is discussed below with respect to the equal protection claim.

extend a right of first refusal.

As discussed in earlier briefing[7], the Borough has broad discretion to determine whether, and on what conditions, to sell its property. The granting of a right of first refusal by a governmental entity is not prohibited. In fact, the Borough need not have any competitive process, and may use sole source disposal methods for sale of property. Here, Plaintiffs' challenge to the validity of Resolution 1906 amended must fail because that measure was adopted in the proper exercise of the Assembly's legislative discretion.

**B. The Borough is not Estopped from Concluding the Sale with Pool.**

Plaintiffs offer no responsive argument with respect to the issue of estoppel.[8] The undisputed material facts do not create a situation where Plaintiffs had any reasonable reliance that they would be able to purchase the property under Resolution 1881. Resolution 1881 called for minimum bids in the amount of the 2005 assessed value. When no one bid that amount, including Plaintiffs, any reasonable reliance on Resolution 1881 was exhausted. Upon failure of the property to sell pursuant to Resolution 1881, then

---

[7] See Docket 25 at 14-20.

[8] Plaintiffs merely offer the conclusory assertion that the elements of estoppel are present. See Docket 35 at 2, lines 17-19, and Docket 2 at 11.

DEFENDANT KETCHIKAN GATEWAY BOROUGHS REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
Schade et.al. v. KGB et.al.
1J05-0017 CV (RRB)                    7

the Borough was completely free to determine what procedures, if any, it desired to follow in the disposal of these parcels. It was not precluded from amending Resolution 1881.

Where the legislative body may exercise its discretion to amend a prior legislative enactment, there can be no reasonable reliance. As the U.S. District Court for the District of Vermont wrote in **SBC Enterprises, Inc. V. City of South Burlington**, 896 F. Supp. 354, 355 (D.VT. 1995);

> "First, Plaintiffs argue that they relied on the Ordinances in effect before April 26, 1995, estopping the City from applying the Ordinance to them. This argument has no merit. No reasonable person can rely on the assumption that the government will never enact new laws or change existing laws."

Here, the Borough changed its mind and adopted a new policy through Resolution 1906(amended). The Borough Assembly is not estopped from changing its policy regarding the conditions on which it desires to sell property. This is particularly true where, as here, there was no agreement pursuant to the terms of the prior policy, Resolution 1881, which would preclude a unilateral decision to change the policy.

The case would be different had Plaintiffs bid in excess of the minimum bid at the August 4th, 2005, auction. However, they did

not. Thus, they had no vested right in the procedures under Resolution 1881 as they related to the minimum bids in that resolution.

**C. The classification in Resolution 1906 amended complies with the applicable standard for equal protection.**

In order to withstand an equal protection challenge relating to an economic interest the Borough's legislative enactment must be rationally related to a legitimate governmental interest. See **Isakson v. Rickey**, 550 P.2d 359, 362 (AK 1976) and see **Treacy v. Municipality of Anchorage**, 91 P.3d 252 (AK 2004). The legislative history here clearly shows a legitimate governmental interest, "keeping points on the scoreboard" by preserving the existing offers.

The classification here was based on who made the highest offers at the August 4, 2005, bidding. It was not based on residency. Residents and non-residents alike were excluded from the classification. Simple review of the debate which took place on August 15, 2005, shows the rational relationship of the first right of refusal to the legitimate goal of preserving existing offers while striving for a greater return.

Whether this court, or plaintiffs, would have exercised legislative discretion in a different manner is not relevant. For

purposes of equal protection analysis the question is whether the legislative body here, the Assembly, exercised its discretion in a manner which made the classification based upon a rational relationship to a legitimate interest. The answer to that question is yes. Resolution 1906 amended complies with the equal protection clause.

**II. Summary Judgment in favor of the Defendant Borough is justified.**

If the Court determines, for whatever reason, that a Rule 12 (b)(6) ruling is inappropriate, then the Court should look to the Summary Judgment standard. Even in those circumstances, and pursuant to those standards, summary judgment should be granted in favor of the Borough and Pool. The key standard for the Court in addressing a motion for summary judgment is whether there are any genuine issues of material fact which would prevent the Court from ruling on the issues of law presented.

A review of the briefing before the Court shows that, while there may be disputes as to the legal significance of certain facts, there does not appear to be any dispute as to the material facts relevant to Plaintiffs' claims. In paragraph 15 of Plaintiffs opposition to Defendant Boroughs motion to dismiss or in the alternative for summary judgment (Docket 35), Plaintiff lists 16 items which Plaintiffs assert have raised genuine fact issues for

trial. Reviewing these 16 items, they do not present any issues of material fact which would preclude Summary Judgment. Taking all of the factual statements made by Plaintiffs in paragraph 15 of Docket 35 as true[9] the undisputed facts do not support the claims made by Plaintiff.

**A. There Are No Disputes as to Any Material Fact.**

In paragraph 15(a) of Docket 35, the relevant fact is whether there was a resolution of the Assembly passed between the approval of resolution 1881 in the Spring of 2005, and conclusion of the August 4th, 2005, auction proceedings which would have authorized the Borough and the Auctioneer to engage in a process which solicited bids in amounts below the minimum bids which were advertised. There is no dispute that solicitation of bids at the August 4th, 2005, auction in amounts below the 2005 assessed values was an ad hoc action taken pursuant to the reservation of rights in the auction advertisement booklet which stated, “Any announcements made the day of the sale supercede any and all advertising or printed material previously distributed.”[10] The below assessed value

---

[9] For these purposes the Court is not required to accept Plaintiffs’ assertions regarding legal conclusions which it has included in it’s recitation of issues of fact. For example in paragraph 15(l)of Docket 35, whether in fact the Borough had a duty to make a best interest determination as to which offer was highest and best is a legal conclusion rather than a factual issue.

[10] See Docket 27, Exhibit C, at 2.

offer solicited on August 4th, 2005, could not result in sale of the property without adoption of a subsequent resolution. Such resolution was proposed and amended at the August 15th, 2005, meeting, and then formally adopted at the September 6th, 2005, meeting. There is no dispute of material fact with respect to the information in paragraph 15(a), of Docket 35.

With respect to the asserted issue of material fact in paragraph 15(b) of Docket 35, there is no dispute. Notice was not given prior to the August 4th, 2005, auction that bids less than minimum bids might be solicited. Notice was first given at that auction. There is no dispute as to this fact. However, as a legal issue, Defendant Borough maintains that this fact is not material because the sale to Pool was under Resolution 1906 amended, not Resolution 1881.

In paragraph 15(c), Plaintiffs assert that they relied upon the original auction rules. For purposes of this motion there is no dispute as to a material fact. There is a legal dispute as to whether Plaintiffs reliance was reasonable[11], and as to the relevance of that reliance with respect to the process followed by the Borough and the viability of Plaintiffs' claims.

In paragraph 15(d), Plaintiffs assert that the Borough

---

[11] See discussion of **SBC Enterprises, Inc. V. City of South Burlington**, 896 F. Supp 354 (D.VT. 1995) supra.

rejected Merrell's alleged offer of August 10th, 2005. For purposes of this motion there is no material dispute that the offer as stated in the August 10, 2005, letter from Merrell was rejected by the Borough. The relevance and significance of that purported offer is in dispute, but that is not a dispute of material fact.

In paragraph 15(e), Plaintiff asserts as a genuine issue of fact whether, in Resolution 1906 amended, the Borough used Pool's $600,000.00 offer as a minimum bid for the second auction, and granted a right of first refusal to Pool at the second auction. There is no dispute. For purposes of this motion Defendant Borough agrees that it did so.

In paragraph 15(f), Plaintiff asserts that there is an issue of material fact as to whether the below assessed value bids received on August 4th, 2005, were acknowledged in recitals F and G of Borough Resolution 1906 amended to be below market value. The Borough does not dispute the accuracy or authenticity of Exhibit 8 to Docket 25. However, Defendant Borough maintains that this is not a material fact.

In paragraph 15(g), Plaintiff asserts and issue of material fact as to whether the second resolution (Resolution 1906 amended) was not actually adopted until September 6th, 2005. For purposes of the summary judgment motion, Defendant Borough takes this allegation as true, but maintains that it is not material to the

arguments made by Plaintiffs. The sale to Pool was made pursuant to Resolution 1906 amended. This fact is not in dispute.

In paragraph 15(h), Plaintiffs assert that Defendant Borough advertised the second auction as a competitive open bid sale. Again, Defendant Borough does not see this as a material fact, but does not assert any conflict on this fact.

In paragraph 15(i) of Docket 35, Plaintiffs assert that there is an issue of genuine fact as to whether the Borough disclosed in bid documents or advertisements that there was a right of first refusal. Defendant Borough does not raise any dispute of fact as to whether the bid documents or advertisements recited the existence of a right of first refusal. In the present case this assertion is not material where, as here, both Plaintiffs had actual knowledge of the right of first refusal procedure prior to submitting bids at the second auction.

In paragraph 15(j) of Docket 35 Plaintiffs assert that there is a genuine issue of fact as to whether they were the highest two bidders at the second auction. Defendant Borough does not dispute that, apart from the matching right of first refusal, Plaintiffs were the highest two bidders on that parcel. This fact does not preclude Summary Judgment.

In paragraph 15(k), Plaintiffs assert that there is a genuine

issue of fact as to whether Pool submitted a $600,000.00 bid at the second auction in order to preserve his right of first refusal. There is no dispute as to this fact. Mr. Pool did so.

In paragraph 15(l), Plaintiffs assert as a genuine issue of fact certain legal duties which it assigns to the Borough. Additionally, it asserts that the Borough did not conduct a qualitative evaluation of the bids, but instead mechanically applied the right of first refusal to support sale to Pool for a dollar amount equal to the highest bid received. There is no dispute as to the material fact here. There is a dispute as to whether the Borough had a duty or failed in a duty to make a qualitative best interest determination. This dispute, however, is an issue of law not an issue of fact.

In paragraph 15(m), Plaintiffs assert that there is a genuine issue of fact as to whether Mr. Schade would have bid higher than he did if there had not been a right of first refusal. For purposes of summary judgement this assertion may be taken as true. However, Defendant Borough maintains that how someone might have bid under hypothetical circumstances is not material to the claims raised by Plaintiffs. As discussed in earlier briefing, a right of first refusal may reasonably be anticipated to produce a higher bid. Particularly where there may be few participants, because of the motivation to exceed what the holder of the right is willing to pay.

In paragraph 15(n), Plaintiffs assert as a genuine issue of fact whether the bidding process in the second auction was fair and competitive for all bidders. This is not an assertion of an issue of fact, rather it is a conclusion of law. The underlying facts, upon which there is no dispute, are that the second auction included the opportunity for a right of first refusal to match the highest bid. There is no dispute as to the applicable material facts.

In paragraph 15(o), Plaintiffs assert that there is an issue of material fact as to whether Pool and other bidders who where granted rights of first refusal where local residents. Whether or not these individuals were local residents is not a material fact with respect to Plaintiff's equal protection claim. It is clear that the classification was not based upon residency, as other local residents were also excluded from the classification, but instead was based upon the classification of that group of individuals who submitted the highest bid in response to the solicitation at the August 4th, 2005, auction seeking bids in amounts less than the 2005 assessed value of the relevant parcels. Thus, the residency of those who received a right of first refusal is not a material fact which would preclude summary judgment. For purposes of this motion the Court may assume they are all residents of Alaska, or even the Ketchikan Gateway Borough. However, that does not alter the legal analysis.

In paragraph 15(p) of Docket 35, Plaintiffs assert that there is a genuine issue of fact as to whether the Defendant Borough intended, by granting the right of first refusal, to discriminate in favor of its local residents. Again, the material facts are not in dispute. For purposes of the Summary judgment motion it may be assumed that each of the parties extended a right of first refusal was a local resident. The balance of the allegations in paragraph 15(p) assert conclusions, not material facts. There is no evidence to support a conclusion that the right of first refusal was extended for a discriminatory purpose.

In paragraph 15(q) of Docket 35,Plaintiffs assert that there is a genuine issue of fact as to whether there was a legitimate governmental purpose served by granting the rights of first refusal. The underlying material fact is what governmental purpose was identified as being served by granting the right of first refusal. Whether that purpose is legitimate, and the relation between that purpose and the classification are questions of law. There is no dispute as to a material fact on this point. The statements as reflected in the minutes and transcripts of those meetings are clear. The only dispute is as to the legal impact of those statements.

In absence of a dispute as to any material fact the Court may proceed to review each of Plaintiff’s three claims and address whether, viewing the facts in the light most favorable to Plain-

tiffs, Defendant is none the less entitled to judgment as a matter of law. Plaintiffs assert three claims:

1. The auction process undertaken by Defendant Borough was arbitrary, capricious and an abuse of discretion;

2. Defendant Borough is estopped from proceeding with the sale to Pool; and

3. Defendant Borough's sale process as set out in Resolution 1906 amended is defective for denial of equal protection. Each will be addressed in turn.

**B. The Boroughs Sale Process In the Second Auction Was Not Arbitrary, Capricious, or an Abuse of Discretion.**

As discussed in Section I.A, Supra, the Assembly properly exercised its legislative discretion.

**C. The Borough is not estopped from concluding the sale to Pool.**

As discussed in Section I.B, supra, the Plaintiffs had no reasonable reliance which could support a finding of estoppel.

**D. Plaintiffs Equal Protection Rights were not Violated.**

This issue was well addressed in Section I.C, Supra, and in Defendant Borough's earlier briefing. Plaintiffs have not offered any analysis or authority which requires a further response.

**III. Plaintiffs' Request Under Rule 56(f) Should be Denied.**

Plaintiffs have requested a continuance so that they may conduct discovery to find a factual basis for its claims. This request is based completely on speculation as to what potentially might be discovered. Mere speculation does not justify a continuance. See Moore's **Federal Practice** §56.10[8][a], p. 56-80. 3n. 121 (3rd Ed. 2001).

The proceedings here were in the public record. Recordings, minutes and meeting packets are readily available. Defendant has even had transcripts prepared and filed with the Court. Plaintiff offers no more than speculation that discovery might reveal some improper discriminatory intent which would support an equal protection claim.

Where the object of the discovery is the motives of legislators in voting a given way, this is not within the province of the Court to pursue. See5. McQuillin, **Mun. Corp.**, § 16.90, n. 3, quoted in Docket 25 at 15.

**Conclusion**

Based upon the undisputed material facts Plaintiffs lack sufficient evidence to support their claims. Resolution 1906 amended was properly adopted and authorized the disposal procedure used to sell the property to Mr. Pool. The Borough was not estopped from adopting a resolution which superceded Resolution 1881. The classification granted a first right of refusal by Resolution 1906 amended was rationally related to a legitimate governmental purpose. Therefore, Plaintiffs' complaint should be dismissed.

Dated this 31st day of January, 2006.

OFFICE OF THE BOROUGH ATTORNEY

By: /s/ Scott A. Brandt-Erichsen
Scott A. Brandt-Erichsen
Borough Attorney
344 Front Street
Ketchikan, Alaska 99901
Phone:(907)228-6635
Fax: (907)228-6683
E-mail:
boro_law@borough.ketchikan.ak.us
ABA No.8811175

Certified: On January 31st, 2006, a true and correct copy of the within and foregoing was
mailed to:
faxed to: XXXXX
delivered to:
delivered to the court tray of:

Richard L. Nelson, Esq.
Baxter Bruce & Sullivan, P.C.
P. O. Box 32819
Juneau, Alaska 99803
FAX 907-789-1913
Attorneys for Plaintiffs

Geoffrey G. Currall, Esq.
Keene & Currall, P.C.
540 Water St., Suite 302
Ketchikan, Alaska 99901
FAX 907-225-0540
Attorneys for Defendant Pool

/s/ Scott A. Brandt-Erichsen
Office of the Borough Attorney

MAS:ce\21.036.0031
G\K\S-M\Reply to opp.wpd