Geoffrey G. Currall, Esquire
Alaska Bar No: 7011053
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Defendant, Charles Pool

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JOERGEN SCHADE and ROBERT MERRELL, <br><br> Plaintiffs, <br><br> v. <br><br> KETCHIKAN GATEWAY BOROUGH and CHARLES POOL, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. J05-0017 CV (RRB) |

**MOTION FOR FULL ATTORNEYS' FEES**

COMES NOW Defendant Charles Pool ("Pool"), by and through his attorney Geoffrey G. Currall of Keene & Currall, P.C., and moves this Court for an award of full attorneys' fees in the above-captioned matter pursuant to Federal Rules of Civil Procedure, Rule 54(d)(2), Local Civil Rule 54.3, and Alaska Civil Rule 82. Pool seeks an award of his full attorneys' fees in the amount of $37,985.50.

The Motion is supported by the Memorandum of Points and Authorities in Support, the Affidavit of Geoffrey G. Currall, copies of fee bills attached thereto, and the pleadings, motions and documents on file with the Court.

**MOTION FOR FULL ATTORNEYS' FEES -** Page 1 of 9
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

Dated this 24th day of February 2006.

        KEENE & CURRALL
        A Professional Corporation
        Attorneys for Defendant, Charles Pool

By     /s/ Geoffrey G. Currall
        Geoffrey G. Currall, Esquire
        Alaska Bar No: 7011053
        540 Water Street, Suite 302
        Ketchikan, Alaska 99901
        Phone: (907) 225-4131
        Fax:    (907) 225-0540
        e-mail: jeff.currall@keenecurrall.com

**Certificate of Service**

This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the **24th** day of **February 2006**, I caused a true and correct copy of the foregoing to be:

- ■ **Mailed**
- ☐ Hand Delivered
- ☐ E-mailed
- ■ **Electronic Service thru CM/ECF**

to the following:

**Fax No. (907) 789-1913**
Richard L. Nelson
Baxter Bruce & Sullivan, P.C.
Post Office Box 32819
Juneau, Alaska 99803
rnelson@baxterbrucelaw.com


**Fax No. (907) 228-6683**
Scott Brandt-Erichsen
Ketchikan Gateway Borough
344 Front Street
Ketchikan, Alaska 99901
boro_law@borough.ketchika.ak.us

By     /s/ Geoffrey G. Currall    .
        Keene & Currall

**MOTION FOR FULL ATTORNEYS' FEES -** Page 2 of 9
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

Geoffrey G. Currall, Esquire
Alaska Bar No: 7011053
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Defendant, Charles Pool

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOERGEN SCHADE and ROBERT MERRELL, <br><br> Plaintiffs, <br><br> v. <br><br> KETCHIKAN GATEWAY BOROUGH and CHARLES POOL, <br><br> Defendants. | Case No. J05-0017 CV (RRB) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FULL ATTORNEY'S FEES

**I.      INTRODUCTION.**

On February 13, 2006, this Court denied Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction against Defendants Ketchikan Gateway Borough ("Borough") and Charles Pool ("Pool"). Instead, this Court granted Defendant Borough's Motion to Dismiss Plaintiffs' Complaint, which Motion Pool had joined. Docket 47. On February 14, 2006, this Court entered Judgment in favor of Defendants. Docket 48.

While the case was relatively short, the actual and potential losses for the Defendants were extremely high. As established by Pool's Affidavit (Docket 26), the potential losses were in the

**MOTION FOR FULL ATTORNEYS' FEES -** Page 3 of 9
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

millions of dollars. Id. at ¶27. The extensive and publicly available record in this case demonstrates Plaintiffs' attitude in filing this case without investigating their claims. Despite the fact that all relevant records were publicly available, Plaintiffs filed their lawsuit based upon "information and belief," rather than citation to the public records. See First Amended Complaint Docket 18 at ¶16 and 18; see also Memorandum in Support of Injunctive Relief, page 7, lines 19-25 ("Schade and Merrell believe that the discussion in the Assembly meeting(s) that led to 'Resolution 1906 Amended' which included the Revised Minimum Bids and the *nefarious rights of first refusal* (i.e., the Second Resolution) *may hold clues to the favoritism and manipulation that now seem obvious under the circumstances. Even later Assembly meetings may prove telling*").

Additionally, the timing of Plaintiffs' lawsuit caused substantial attorney time to be expended on an emergency basis over the holidays, and Plaintiffs' constructed theories of local prejudice, which required substantial resources to disprove, amounted to vexatious and bad faith conduct entitling Pool to full attorneys' fees. In light of the Plaintiffs' allegations and the Court's subsequent ruling dismissing such as failing to state a viable claim, the Court should award Pool full attorneys' fees or substantially enhanced fees under Alaska Civil Rule 82(b)(3).

## II.     POOL SHOULD BE AWARDED ENHANCED FEES UNDER CIVIL RULE 82.

### A.     Attorneys' Fee Awards Under Alaska Law.

Federal Rules of Civil Procedure, Rule 54(d)(2), and Local Rule 54.3 provide for a prevailing party to seek an award of attorneys' fees. Alaska Rule of Civil Procedure, Rule 82(b)(2) provides that in cases in which the prevailing party recovers no money judgment, the court shall award to the prevailing party twenty percent (20%) of actual attorneys' fees which were

**MOTION FOR FULL ATTORNEYS' FEES -** Page 4 of 9
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

necessarily incurred in a case resolved without trial. Alaska Civil Rule 82(b)(2). This section provides the *minimum* amount the Court should award Mr. Pool.[1] Alaska Civil Rule 82(b)(3), however, allows the court to enhance an attorney fee award if the court determines a variation is warranted. In determining whether an enhancement is warranted the court may consider:

(A) the complexity of the litigation;
(B) the length of trial;
(C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
(D) the reasonableness of the number of attorneys used
(E) the attorneys' efforts to minimize fees;
(F) the reasonableness of the claims and defenses pursued by each side;
(G) vexatious or bad faith conduct;
(H) the relationship between the amount of work performed and the significance of the matters at stake;
(I) the extent to which a given fee award may be so onerous to the nonprevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
(J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and
(K) other equitable factors deemed relevant.

Alaska Civil Rule 82(b)(3). Under the facts and brief history of this case, which was resolved through a Rule 12(b)(6) motion, the Court should consider these factors in determining whether to award Pool enhanced fees or full attorneys' fees under subsection (G) for Plaintiffs' vexations conduct in bringing this suit.

    **B.**    **Pool Should be Awarded Full Attorneys' Fees Based Upon Plaintiffs Vexatious Conduct.**

To justify an award of full attorneys' fees, Alaska courts have held that the opposing party must have engaged in vexatious or bad faith conduct. See Garrison v. Dixon, 19 P.3d 1229, 1234

---

[1] Pool claims a total award of attorneys' fees in the amount of $37,985.50. Twenty percent (20%) of this amount is $7,597.10.

**MOTION FOR FULL ATTORNEYS' FEES -** Page 5 of 9
*Schade and Merrell v. KGB and Pool* - Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

(Alaska 2001). Here, Plaintiffs have clearly engaged in vexatious conduct by their filing of a meritless suit without substantial justification and without review or research of the publicly available documents. The Court's ruling on the motion to dismiss supports this conclusion.

Plaintiffs' attitude toward the Ketchikan Gateway Borough and Mr. Pool is clearly demonstrated by their filing of this lawsuit without making even a fundamental investigation as to whether their suspicions were confirmed by the public record. As demonstrated by the pleadings and exhibits, the relevant materials regarding the auction and the Borough Assembly's actions were readily available in various sources of public records including the Assembly minutes and transcripts. When considered in light of the Court's ruling on the Motion to Dismiss, Plaintiffs' vexatious conduct in bringing their unreasonable and unsupported claims, more than justify a departure from the presumptive 20% pursuant to Alaska Civil Rule 82(b)(2). Pool should therefore be awarded full attorneys' fees.

### C. The Court May Award Enhanced Fees Without a Finding of Vexatious or Bad Faith Conduct on Behalf of Plaintiffs.

Even if the Court finds that the Plaintiffs did not engage in vexatious or bad faith conduct, the Court may award significantly enhanced fees to Pool. For example, in Cole v. Bartels, 4 P.3d 956, 960 (Alaska 2000), the Court found that a seventy five percent (75%) fee award was justified without a showing of vexatious or bad faith conduct. A review of factors identified in Alaska Civil Rule 82(b)(3) justify an enhanced award.

#### 1. Complexity of the Litigation.

The Plaintiffs' Complaint in this case contained significant factual inaccuracies and contained four separate counts under state statutes and Constitutional principles. The Complaint

**MOTION FOR FULL ATTORNEYS' FEES -** Page 6 of 9
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

alleged a complex scheme of discrimination against "out-of-towners" by the Borough government and private citizens; the case was complex. The litigation actions taken by Plaintiffs also made the case more complex by the timing they chose for filing and its proximity to January 3, 2006, the date scheduled for closing. The case was further complicated by the repercussions a stay had, and an injunction would have, on Pool's plans for the property, which were thrown into (and remain) in flux until a final resolution of the case is made. Pool was forced to actively and aggressively protect his interests in light of the sensitive timing of closing, and any delay thereof, would have on his intended tenants for the subject property. Finally, the total fees of Keene & Currall, as calculated on an hourly basis, also reflect the complexity of the claims brought by Plaintiffs and the effort required of Pool, as a private citizen, to disprove the claimed "improper scheme" to prejudice Plaintiffs. See First Amended Complaint, Docket 27, ¶24 ("the real losers in this improper scheme were not just the out-of-state bidders…"); see, e.g., Cole, supra, at 960.

### 2. Reasonableness.

The attorneys' hourly rates, number of hours expended and the number of attorneys used in this case were reasonable. Keene & Currall's hourly rates are $200 for a partner and $150 for an associate. These rates are comparable to other local and Alaskan attorneys performing similar work. In addition, the bulk of the work performed in this case was done by one partner and one associate – the number of attorneys involved was therefore reasonable. The number of hours expended is likewise reasonable in light of the complexity of the case, as discussed above.

Plaintiffs' claims, however, were unreasonable and were shown to be without merit early in the case. As an example of unreasonableness, Plaintiffs' claimed that under their theories the

**MOTION FOR FULL ATTORNEYS' FEES -** Page 7 of 9
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

subject property should be directly conveyed to Schade as the "high bidder." First Amended Complaint, page 12, ¶55b, Docket 27.  As the Court stated in its Ruling on the Motion to Dismiss, "[s]hould the sale to Pool be invalidated, Plaintiffs have no more rights to that land than any other citizen."  Docket 47, pages 9-10.  Likewise, the Court found, with regard to Plaintiffs' estoppel claim "[p]laintiffs do not provide any support for using it [estoppel] as an offensive weapon."  Docket 47, page 12.  Thus, the unreasonableness of Plaintiffs' claims provide support for an award of enhanced or full attorneys' fees to Pool.

Furthermore, in support of their claims, Plaintiffs assert in their Complaint that "they relied on the publicly declared rules of the First Auction [the bid packets]."  This claim demonstrates the Plaintiffs' unreasonableness in bringing their claims because, as noted by the Court, the very bid packets upon which Plaintiffs claim to rely stated "It is further understood that any announcements made the day of the sale supersede any and all advertising or printed material previously distributed."  See Order Granting Motion to Dismiss, Docket 47, page 8.  The very rules cited by Plaintiffs contradict their claims of reliance on those rules.  This example typifies Plaintiffs' unreasonableness in bringing their suit forcing Pool to incur these attorneys' fees.

IV.   **CONCLUSION.**

For the foregoing reasons, the Court should award Pool full attorneys' fees in the amount of $37,985.50, which were reasonably incurred in Pool's defense of Plaintiffs' unsupported claims.

Dated this 24th day of February 2006.

                                    KEENE & CURRALL
                                    A Professional Corporation

**MOTION FOR FULL ATTORNEYS' FEES -** Page 8 of 9
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees

                                          Attorneys for Defendant, Charles Pool

By     /s/ Geoffrey G. Currall    
        Geoffrey G. Currall, Esquire
        Alaska Bar No: 7011053
        540 Water Street, Suite 302
        Ketchikan, Alaska 99901
        Phone: (907) 225-4131
        Fax:   (907) 225-0540
        e-mail: jeff.currall@keenecurrall.com

**Certificate of Service**

This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the **24th** day of **February 2006**, I caused a true and correct copy of the foregoing to be:

- ■ **Mailed**
- ☐ Hand Delivered
- ☐ E-mailed
- ■ **Electronic Service thru CM/ECF**

to the following:

**Fax No. (907) 789-1913**
Richard L. Nelson
Baxter Bruce & Sullivan, P.C.
Post Office Box 32819
Juneau, Alaska 99803
rnelson@baxterbrucelaw.com

**Fax No. (907) 228-6683**
Scott Brandt-Erichsen
Ketchikan Gateway Borough
344 Front Street
Ketchikan, Alaska 99901
boro_law@borough.ketchika.ak.us

By     /s/ Geoffrey G. Currall    .
        Keene & Currall

**MOTION FOR FULL ATTORNEYS' FEES -** Page 9 of 9
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Motion for Attorneys Fees