**Richard L. Nelson**
**ABA No. 0209036**
**Baxter Bruce & Sullivan, P.C.**
**P.O. Box 32819**
**Juneau, Alaska  99803**
**phone:  (907) 789-3166**
**fax: (907) 789-1913**
**rnelson@baxterbrucelaw.com**
**Attorneys for Plaintiffs**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **JOERGEN SCHADE and ROBERT MERRELL**, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| **KETCHIKAN GATEWAY BOROUGH and CHARLES POOL** | ) ) ) |
| Defendants | ) Case No. J05 - 0017 CV (RRB) |

### PLAINTIFFS' OBJECTION TO DEFENDANT POOL'S BILL OF COSTS

Plaintiffs submit this objection to Defendant Pool's Bill of Costs.[1]  Defendant Pool fails to state whether his bill of costs is asserted under federal law, 28 U.S.C. § 1920, or under state law, Civil Rule 79, Alaska Rules of Court.  Different rules apply, depending upon which is the basis for the claim.  Federal law is more restrictive; state law is more expansive.  However, neither supports Defendant Pool's claim of $6,880.64 for interest charges as a properly taxable litigation cost.  While the other costs asserted may well not be proper even under the more lenient state standard, due to insufficient notice and documentation, Plaintiffs choose not to dwell on them and instead rely on the discretion of the Court in determining the

---
[1] Clerk's Docket No. 52

propriety of these costs. However, the claim of interest charges is clearly not a taxable cost and cannot stand under either law, even under the Court's broad discretion.

### Federal Law Regarding Taxation as Costs

1. Under 28 U.S.C. § 1920, "a judge or clerk of any court of the United States may tax as costs the following:

    1. Fees of the clerk and marshal;
    2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    3. Fees and disbursements for printing and witnesses;
    4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
    5. Docket fees under section 1923 of this title;
    6. Compensation of court appointed experts, compensation interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

2. Defendant Pool's Bill of Costs includes items outside the language of this statute. In fact, the only items listed in the bill which are technically included in the coverage of 28 U.S.C § 1920 are the transcript fee of $180.20 and in-house copying charges of $32.59. In Frederick v. City of Portland, 162 F.R.D. 139 at 142 (9th Cir. 1995), the Court stated, "Although a district court possesses broad discretionary power to allow or disallow a prevailing party to recoup the costs of litigation, the court may not rely on that discretion to tax costs beyond those authorized by §1920."

### State Law Regarding Taxation as Costs

3. The second circumstance deals with using Civil Rule 79 of the Alaska Rules of Court as the potential basis for Defendant Pool's claim, as a substantive rule applicable in federal court (similar to Civil Rule 82 for attorneys' fees). If that is the case, all but the last item in the bill may be eligible, if properly documented. However, the only documentary proof included with the bill was for the

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

newspaper fee ($50.50), the court reporter's fee ($180.20), the long-distance charges ($4.03), and the computer research fee ($133.75).  No other back-up documentation was included for any of the other charges or made available for inspection by the other parties.[2]

### Defendant's Improper Claim of interest Charges

4. The last item in the bill, by far the largest ($6,880.64 for "Interest"), is not only outside the language of both the federal and state law (*i.e.*, both 28 U.S.C. §1920 and Civil Rule 79 of the Alaska Rules of Court), it is not even a legal cost incurred by counsel on behalf of Mr. Pool in this litigation.[3]  There is absolutely no suggestion that Mr. Pool's counsel is somehow financing this loan to Pool for the purchase price of the property as a cost of this litigation, as if that would make this claim legitimate.  In fact, just the opposite is true.[4]  In addition, no back-up documentation whatsoever was provided with this item.

5. Notably, Pool has now threatened Plaintiffs with a suit for "wrongful interference" by letter from his counsel dated February 24, 2006, a true copy of which is attached as Exhibit "A."  Although Plaintiffs deny that such a lawsuit would be warranted, the interest charges incurred by Mr. Pool would at most be a claim for damages in the threatened litigation, and not a legitimate cost taxable as such in this cause.

### Conclusion

6. It is unclear whether these items in Defendant Pool's Bill of Costs are being claimed under 28 U.S.C § 1920 or under Civil Rule 79 of the Alaska Rules of Court.  If claimed under the federal statute, Plaintiffs object to and move to strike all items, including but not limited to the claim of interest charges, not authorized by the statute (*i.e.*, to strike all items other than those referenced in paragraph 2

---

[2] As required by Civil Rule 79(b) of the Alaska Rules of Court, assuming that is the rule being applied by Defendant Pool.

[3] *See* Clerk's Docket No. 54 at ¶ 5.

[4] To the contrary, Mr. Pool's counsel has sworn that "*Mr. Pool* has incurred interest costs of $132.32 per day for loan fees for sums borrowed to consummate the closing of the Purchase of the subject property" totaling "$6,880.64." (*emphasis added*).  *Id.* at ¶ 5.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Objection to Defendant Pool's Bill of Costs; Page 3 of 4; Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

above). If claimed under the state rule, Plaintiffs object to the lack of proper notice and documentation and to the last item for "Interest," which is not proper under either the federal statute or the state rule. For the foregoing reasons, Plaintiffs object to Defendant Pool's proposed Bill of Costs and request that any award of costs be reduced accordingly.

DATED this 28th day of February, 2006.

           BAXTER BRUCE & SULLIVAN P.C.

s/ Richard L. Nelson
P.O. Box 32819
Juneau, Alaska 99803
Phone: (907) 789-3166
Fax: (907) 789-1913
E-mail: rnelson@baxterbrucelaw.com
ABA No. 0209036

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2006, a copy of the foregoing was served electronically on Scott Brandt-Erichsen and Geoffrey Currall.

s/ Richard L. Nelson

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Objection to Defendant Pool's Bill of Costs; Page 4 of 4; Case No. J05-0017 CV (RRB)**