Geoffrey G. Currall, Esquire
Alaska Bar No: 7011053
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: jeff.currall@keenecurrall.com

Attorneys for Defendant, Charles Pool

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOERGEN SCHADE and ROBERT MERRELL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KETCHIKAN GATEWAY BOROUGH and )<br>CHARLES POOL, )<br>)<br>Defendants. )<br>_____) | Case No. J05-0017 CV (RRB) |

### DEFENDANT CHARLES POOL'S REPLY TO PLAINTIFFS' OBJECTION TO BILL OF COSTS

**I.  Documentation.**

As this case was brought by Plaintiffs in federal court under diversity jurisdiction, Defendant Charles Pool has claimed costs under Alaska Civil Rule 79.[1]  Under this state rule,

---

[1] Counsel also made efforts to comply with United States District Court, Local Rule 54.1(b)(1)[B] (Cost bills must include photocopies of invoices); but see Alaska Civil Rule 79(b)

**DEFENDANT CHARLES POOL'S REPLY TO PLAINTIFFS' OBJECTION TO BILL OF COSTS**
 **-** Page 1 of 5
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 (RRB)
Rd/farrel on server/clients/Pool, Charles, 25.109.D/Reply to Objection to Cost Bill

Plaintiffs object on the grounds that supporting documentation was not provided for certain charges. As mentioned by Plaintiffs, documentary proof was submitted for the newspaper fee, transcripts fee, long-distance charges, and the computer research. Attached hereto, are written slips prepared in-house, supporting the in-house copying charges, postage and facsimile charges. See exhibits B, C and D.

## II.     Interest Charges.

### A.     Premiums Paid.

Alaska Civil Rule 79(f)(5) identifies allowable costs and includes: "premiums paid on undertakings, bonds, or security stipulations where required by law, ordered by the court, or necessary to secure some right according in the action." Plaintiffs' action sought, and in fact succeeded, in stopping the sale of real property from the Ketchikan Gateway Borough ("Borough") to Charles Pool ("Pool"). In fact, the court stayed the sale for several weeks pending a ruling on the Plaintiffs' Motion for Temporary Restraining Order and Permanent Injunction.[2] This constitutes a substantial portion of the time for which interest has accrued and is claimed in the cost bill.

Pool was nevertheless required prior to the sale and in preparation of closing to take out loans, upon which interest was charged and continues to accrue. Pool had to perform all his obligations prior to closing or face a potential loss of his right to purchase the property. Due to

---

("Documentation may be filed only if requested by the clerk or in response to an objection"). Counsel took a middle ground providing simple, easily verifiable costs; however, in light of Plaintiffs' objections, copies of additional invoices from Keene & Currall costs logs are attached as exhibits.

**DEFENDANT CHARLES POOL'S REPLY TO PLAINTIFFS' OBJECTION TO BILL OF COSTS**
 **-** Page 2 of 5
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 (RRB)
Rd/farrel on server/clients/Pool, Charles, 25.109.D/Reply to Objection to Cost Bill

loan fees and transactions costs, not to mention the uncertainty of litigation, Pool could not have simply returned the money to the borrower and await the outcome of this litigation. Pool had to have the purchase price funds readily available with a portion in escrow.[3] As noted in the previously filed affidavit, not only has Pool incurred substantial interest charges, but he has also lost the use of a portion of that money as it remains tied up in escrow on a property for which closing remains delayed.

The interest charges accruing on the purchase price funds amount to an undertaking or bond, which was necessary for Pool to secure his right to purchase the property. This right to purchase the property was born out in the Court's ruling on Plaintiffs' Motion and Complaint. Docket 47. Therefore, Pool's interest charges fall within the costs allowable under Civil Rule 79 and should be awarded to Pool as necessary costs.

### B. The Court May Direct that Interest Charges by Paid as Costs.

Civil Rule79, Alaska Rules of Court, provides in relevant part:

(a) **Unless the court otherwise directs**, the prevailing party is entitled to recover costs allowable under paragraph (f) that were necessarily incurred in the action. (Emphasis added).

Even if Pool's interest charges are not allowed under Alaska Civil Rule 79(f)(5), they are and were nonetheless necessarily incurred in order to preserve his right to purchase the subject property by tender at Closing, and pursuant to that rule the Court can direct ("the court

---

[2] Docket 21.

[3] Unfortunately, Pool's costs continue to mount as the closing agent has refused to close and issue title insurance until Plaintiffs' time for appeal has run.

**DEFENDANT CHARLES POOL'S REPLY TO PLAINTIFFS' OBJECTION TO BILL OF COSTS**
 **-** Page 3 of 5
*Schade and Merrell v. KGB and Pool* - Case No. J05-0017 (RRB)
Rd/farrel on server/clients/Pool, Charles, 25.109.D/Reply to Objection to Cost Bill

otherwise directs…") that he be awarded those necessary costs.

Attached as Exhibit A is an Addendum to Promissory Note for $500,000 bearing an interest rate of 8.87% per annum and dated January 3, 2006.  While Pool has incurred daily interest costs of $132.32 per day, as set forth in paragraph 5 of the Affidavit of Counsel Re Motion for Attorney's Fees, Docket 54, his financing of the entire $815,000 purchase price is convoluted and can not be readily documented without substantial additional time being invested (which is cost prohibitive).  In light of this, Pool waives, for purposes of this Bill of Costs, any further claim for interest incurred above and beyond the interest evidenced by Exhibit A.  The interest on Exhibit A amounts to $121.51 per day.  For the 52 days of interest claimed in the Bill of Costs the total amount is $6,318.52.  This amount should be awarded to Pool either pursuant to Alaska Civil Rule 79(a) or Rule 79 (f)(5).

Dated this 28th day of February 2006.

           KEENE & CURRALL
           A Professional Corporation
           Attorneys for Defendant, Charles Pool

           By _____/s/ Geoffrey G. Currall_____
             Geoffrey G. Currall, Esquire
             Alaska Bar No:  7011053
             540 Water Street, Suite 302
             Ketchikan, Alaska  99901
             Phone: (907) 225-4131
             Fax:    (907) 225-0540
             e-mail: jeff.currall@keenecurrall.com

**DEFENDANT CHARLES POOL'S REPLY TO PLAINTIFFS' OBJECTION TO BILL OF COSTS**
 **-** Page 4 of 5
*Schade and Merrell v. KGB and Pool - *Case No.  J05-0017 (RRB)
Rd/farrel on server/clients/Pool, Charles, 25.109.D/Reply to Objection to Cost Bill

**Certificate of Service**

This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the **28th** day of **February 2006**, I caused a true and correct copy of the foregoing to be:

    ■ **Mailed**
    ☐ Hand Delivered
    ☐ E-mailed
    ■ **Electronic Service thru CM/ECF**

to the following:

**Fax No.  (907) 789-1913**
Richard L. Nelson
Baxter Bruce & Sullivan, P.C.
Post Office Box 32819
Juneau, Alaska  99803
rnelson@baxterbrucelaw.com

**Fax No.  (907) 228-6683**
Scott Brandt-Erichsen
Ketchikan Gateway Borough
344 Front Street
Ketchikan, Alaska 99901
boro_law@borough.ketchika.ak.us

By      /s/ Geoffrey G. Currall       .
       Keene & Currall

**DEFENDANT CHARLES POOL'S REPLY TO PLAINTIFFS' OBJECTION TO BILL OF COSTS**
 - Page 5 of 5
*Schade and Merrell v. KGB and Pool* - Case No.  J05-0017 (RRB)
Rd/farrel on server/clients/Pool, Charles, 25.109.D/Reply to Objection to Cost Bill