Geoffrey G. Currall, Esquire
Alaska Bar No: 7011053
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: jeff.currall@keenecurrall.com

Attorneys for Defendant, Charles Pool

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOERGEN SCHADE and ROBERT MERRELL, </br> </br>Plaintiffs, </br> </br>v. </br> </br>KETCHIKAN GATEWAY BOROUGH and CHARLES POOL, </br> </br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br>Case No.  J05-0017 CV (RRB) |

### DEFENDANT CHARLES POOL'S REQUEST FOR COURT REVIEW OF CLERK'S RULING ON COST BILL

**I.      Introduction.**

Defendant Charles Pool ("Pool") filed a bill of costs with the Court Clerk on or about February 24, 2006, requesting reimbursement of costs in the amount of $7,392.92. (Docket 52, 53). On March 3, 2006, the Court Clerk entered the Clerk's Judgment on Pool's bill of costs in the amount of $272.53. (Docket 57). The Clerk's judgment failed to award any costs for computerized legal research, facsimile charges, and, most significantly, interest charges. The Clerk's judgment was based upon the District of Alaska Local Rule 54.1. Pursuant to the Federal

**DEFENDANT CHARLES POOL'S MOTION FOR REVIEW OF COST BILL -** Page 1 of 5
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 (RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/Motion for Court Review of Cost Bill

Rules of Civil Procedure, Rule 54(d)(1), Pool hereby requests that the Court review the Clerk's Judgment, particularly with respect to the Clerk's refusal to award interest charges Pool was necessarily required to pay during the pendency of this action, which stayed the closing on the subject property.

**II.     Interest Charges.**

    **A.     Premiums Paid on Undertakings, Bonds.**

Both the United States District Court, District of Alaska, Local Rule 54.1(e)(7) and Alaska Civil Rule 79(f)(5) identify allowable costs to include: "premiums paid on undertakings, bonds, or security stipulations…"[1] Plaintiffs' action sought, and in fact succeeded, in stopping the sale of real property from the Ketchikan Gateway Borough ("Borough") to Charles Pool ("Pool"). In fact, the court stayed the sale for several weeks pending a ruling on the Plaintiffs' Motion for Temporary Restraining Order and Permanent Injunction.[2] The stay constituted a substantial portion of the time for which interest accrued and is claimed in Pool's cost bill.

Prior to the sale and in preparation of closing, Pool was required to take out loans for the purchase of the property to secure his right to purchase the property from the Borough. Interest

---

[1] United States District Court, District of Alaska, Local Rule 54.1(e)(7) provides:
*Premiums on Undertakings, Bonds or Security Stipulations.* The party entitled to recover costs will ordinarily be allowed premiums paid on undertakings, bonds or security stipulations where they are: [A] furnished by reason of express requirement of the law; [B] on order of the court or a judge thereof; or **[C] where necessarily required to enable the party to secure some right accorded in the action or proceeding**. (Emphasis added).

Alaska Civil Rule 79(f)(5) identifies allowable costs to include: "premiums paid on undertakings, bonds, or security stipulations where required by law, ordered by the court, or necessary to secure some right according in the action."

[2] Docket 21.

**DEFENDANT CHARLES POOL'S MOTION FOR REVIEW OF COST BILL -** Page 2 of 5
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 (RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/Motion for Court Review of Cost Bill

was charged and continues to accrue on those funds. Pool had to perform all his obligations prior to closing or face a potential loss of his right to purchase the property. Due to loan fees, transactions costs and the uncertainty of litigation, Pool could not have simply returned the purchase funds to the borrower and await the outcome of this litigation. Pool had to have the purchase price funds readily available with a portion in escrow.[3] Not only has Pool incurred substantial interest charges, but he has also lost the use of a portion of those funds as they remain tied up in escrow on a property the closing of which is currently delayed indefinitely.

The interest charges accruing on the purchase price funds amount to an undertaking or bond within District Court Local Rule 54.1(f), which was necessary for Pool to secure his right to purchase the property. This right to purchase the property was confirmed by the Court's ruling on Plaintiffs' Motion and Complaint. Docket 47. Therefore, Pool's interest charges fall within the costs allowable under District Court Local Rule 54.1(f) and Alaska Civil Rule 79 and should therefore be awarded to Pool as necessary costs incurred in this action.

    **B.**    **The Court May Direct that Interest Charges by Paid as Costs.**

Civil Rule79, Alaska Rules of Court, provides in relevant part:

> (a) **Unless the court otherwise directs**, the prevailing party is entitled to recover costs allowable under paragraph (f) that were necessarily incurred in the action. (Emphasis added).

Even if Pool's interest charges are not allowed under District Court Local Rule 54.1 or Alaska Civil Rule 79(f)(5), the interest charges are costs that were nonetheless necessarily incurred in

---

[3] Unfortunately, Pool's costs continue to mount as the closing agent has refused to close and issue title insurance in light of Plaintiffs' notice of appeal.

**DEFENDANT CHARLES POOL'S MOTION FOR REVIEW OF COST BILL -** Page 3 of 5
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 (RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/Motion for Court Review of Cost Bill

order to preserve Pool's right to purchase the subject property. Pursuant to Alaska Civil Rule 79(a), the Court can direct ("the court otherwise directs…") that Pool be awarded those necessary costs.[4]

The reduced current amount of interest claimed by Pool is $6,318.52. See Exhibit A to Pool's Reply re Cost Bill, Docket 56. In addition, under Alaska Civil Rule 79(f)(11), Pool should be awarded charges paid for computerized legal research in the amount of $133.75. These amounts should be awarded to Pool pursuant to District Court Rule 54.1, Alaska Civil Rule 79(a) and Rule 79 (f)(5).

Dated this 8th day of March 2006.

        KEENE & CURRALL
        A Professional Corporation
        Attorneys for Defendant, Charles Pool

        By     /s/ Geoffrey G. Currall
             Geoffrey G. Currall, Esquire
             Alaska Bar No: 7011053
             540 Water Street, Suite 302
             Ketchikan, Alaska 99901
             Phone: (907) 225-4131
             Fax:   (907) 225-0540
             e-mail: jeff.currall@keenecurrall.com

---

[4] This case was brought under diversity jurisdiction in Alaska. Local District Court Rule 54.3(a)(2) references Alaska Rules of Civil Procedure as citable grounds for an award of attorneys' fees. Therefore, the Alaska Rules of Civil Procedure should also be given consideration in an award of costs.

**DEFENDANT CHARLES POOL'S MOTION FOR REVIEW OF COST BILL -** Page 4 of 5
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 (RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/Motion for Court Review of Cost Bill

**Certificate of Service**

This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the **8th** day of **March 2006**, I caused a true and correct copy of the foregoing to be:

■ **Mailed**
☐ Hand Delivered
☐ E-mailed
■ **Electronic Service thru CM/ECF**

to the following:

**Fax No.  (907) 789-1913**
Richard L. Nelson
Baxter Bruce & Sullivan, P.C.
Post Office Box 32819
Juneau, Alaska  99803
rnelson@baxterbrucelaw.com


**Fax No.  (907) 228-6683**
Scott Brandt-Erichsen
Ketchikan Gateway Borough
344 Front Street
Ketchikan, Alaska 99901
boro_law@borough.ketchika.ak.us

By     /s/ Geoffrey G. Currall         .
         Keene & Currall

**DEFENDANT CHARLES POOL'S MOTION FOR REVIEW OF COST BILL -** Page 5 of 5
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 (RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/Motion for Court Review of Cost Bill