Richard L. Nelson
ABA No. 0209036
Baxter Bruce & Sullivan, P.C.
P.O. Box 32819
Juneau, Alaska  99803
phone:  (907) 789-3166
fax: (907) 789-1913
rnelson@baxterbrucelaw.com
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOERGEN SCHADE and ROBERT MERRELL ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| KETCHIKAN GATEWAY BOROUGH and ) CHARLES POOL ) ) | |
| Defendants ) | Case No. J05 - 0017 CV (RRB) |

## **PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
## **MOTIONS FOR ATTORNEYS' FEES**

Plaintiffs submit this Opposition to (a) the Motion of Defendant Ketchikan Gateway Borough ("KGB") for Attorneys' Fees and Costs,[1] and (b) the Motion of Defendant Charles Pool ("Pool") for Full Attorneys' Fees.[2]

**Defendant KGB's Motion**

1. KGB has sought recovery of fees only under Civil Rule 82 of the Alaska Rules of Court. The case was, however, brought in federal court and jurisdiction was grounded upon

---

[1] Clerk's Docket No. 49

[2] Clerk's Docket No. 54

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendants' Motions for Attorneys' Fees; Page 1 of 8; Case No. J05-017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

federal question as well as diversity.[3]  Plaintiffs therefore contend that federal law should be applied, which contains very stringent requirements for an award of fees, and which have neither been alleged nor met.  Raypath, Inc, v. City of Anchorage, 544 F.2d 1019, 1022 (9th Cir. 1976).  However, if the Court follows the Alaska Civil Rule 82 to allow attorneys' fees under the diversity claims, applicable federal law requires apportionment between the federal question and diversity issues in the case.  The Ninth Circuit, in Raypath, *supra*, vacated an award of attorneys' fees by the federal court for the District of Alaska, stating:

> Federal jurisdiction was grounded both on diversity and federal question jurisdiction.  The district court might have been following Alaskan law to the extent that diversity jurisdiction was invoked.  If so, we cannot ascertain the apportionment, if any, of fees between the diversity and federal question issues in the case.  The inquiry would be irrelevant if we were satisfied that the record supported an award of attorneys' fees under the stringent requirements of the federal law, but we are not convinced by this record.  Raypath, Inc. v. City of Anchorage, 544 F.2d 1019 at 1022 (9th Cir. 1976).

2. Plaintiffs' claims were asserted in good faith.  KGB, the principal defendant, does not contend otherwise and has sought no enhanced award under the factors set forth in subsection (b)(3) of Rule 82.

3. Plaintiffs do not contest the reasonableness of the fees claimed by KGB in the amount of $15,545.90 or costs in the amount of $107.08.  Nor do Plaintiffs contest the accuracy of KGB's computation of the percentage of fees recoverable under Civil Rule 82 of the Alaska Rules of Court, amounting to $2,798.26.

4. However, Plaintiffs contend that, to the extent that any award is appropriate under state Rule 82, apportionment of fees be required between: (a) the diversity claims (abuse of discretion and estoppel) and the federal question claim (denial of equal protection), as well as between (b) time spent on Plaintiffs' injunctive claims v. time spent on KGB's motion to dismiss or alternatively for summary judgment.  Plaintiffs note that they have appealed the portion of the Court's order dismissing the case on the pleadings or alternatively on summary judgment.  Plaintiffs have not appealed the Court's ruling on

---

[3] Clerk's Docket No. 18, Plaintiffs' First Amended Complaint at ¶¶ 5 and 6.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendants' Motions for Attorneys' Fees; Page 2 of 8; Case No. J05-017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

the injunction. Allocation would allow Plaintiffs to determine the appropriate amount of fees to include in the supersedeas bond and how much to pay to KGB pending appeal.

**Defendant Pool's Motion for Full Attorneys' Fees**

5. Plaintiffs restate and incorporate by reference paragraphs 1, 2, and 4 above. The same factors and considerations are applicable to Pool's claim.

6. Pool also seeks recovery of fees under Civil Rule 82 of the Alaska Rules of Court,[4] but instead of the percentage of fees specified in the Rule under subsection (b)(1), Pool seeks full attorneys' fees claiming "vexatious or bad faith conduct" or the applicability of other subsections of (b) (3). Such an award is not warranted.

7. As noted above, Plaintiffs' claims were asserted in good faith, supported by their affidavits. Also, KGB, against whom the claims were actually directed, has not contended that the claims were brought in bad faith, that there was vexatious conduct, or that the complexity of the litigation justifies enhanced fees.

8. In fact, the only reason Pool was joined was because the declaratory and injunctive relief sought would have directly affected his interests. Under such circumstances, Rule 19 of the Federal Rules of Civil Procedure required that he be joined.

9. Pool now argues that all records were publicly available, implying that Plaintiffs acted improperly in asserting certain claims on "information and belief."[5] Even if that were

---

[4] Consequently, the same considerations stated in 1, 2, and 4 of this Opposition relating to KGB also apply to Pool.

[5] Clerk's Docket No. 54 at p.4. However, there were only 3 instances in which Plaintiffs asserted claims upon information and belief, and all 3 were borne out by the evidence:
  a) Clerks' Docket No. 18, First Amended Complaint at ¶ 12, alleging that no new resolution involving the First Auction was passed, approving the *ad hoc* change in the rules to allow blow minimum bids. That is true. The only resolution governing the First Auction was 1881, which did not allow below-minimum bids.
  b) Clerk's Docket No. 18, First Amended Complaint, at ¶ 16, alleging the others, besides Pool, involved in the below minimum bids and who were granted rights of first refusal, were all local residents. Their identity and residency is not a matter of public record. KGB is in excusive possession of the information of residency from the bid documents, and has never denied this allegation.
  c) Clerk's Docket No. 18, First Amended Complaint, at ¶ 18, alleging that, if the initial motion at the August 15, 2005, Assembly meeting had passed, Merrell and Schade would at least have had an equal opportunity with all bidders. Plaintiffs note that the transcripts of the meetings are not available on KGB's website and there is nothing to indicate that they would have been provided, absent a discovery request in the course of the litigation. Nevertheless, this allegation also turned out to be accurate, when the transcript by KGB was produced. See Clerk's Docket No. 25, Def. KGB's Memo. In Opp. To Pltf's. Motion for TRO, Exhibit 7, at p. 24, where

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

true (which it is not), each time a claim was made upon information and belief (there were only 3 instances), the allegation was either not denied by Defendants or was actually supported by the documents produced.[6] As noted, not all records were publicly available—for example, the bid documents, showing residence, of the other three bidders who tendered bids below the minimum allowed by the First Resolution but who were still granted rights of first refusal at those below-minimum amounts. Such records were available only to KGB and were never produced by KGB. Similarly, the transcripts of Assembly meetings were not publicly available, but were apparently made available by KGB to Pool.[7] In addition, such transcripts were excerpted by Defendants.[8] Plaintiffs were not allowed to seek discovery of the full transcripts. Nor were Plaintiffs allowed discovery of members of the ADHOC Committee, referenced in the Assembly transcripts regarding the sale, or of Assembly members concerning off the record discussions about the sale.[9]

10. However, Plaintiffs were aware of and obtained copies of the applicable state statute, ordinance, and resolutions prior to filing suit and cited them in their Memorandum in Support of Injunctive Relief.[10] As to the availability of agendas/minutes of the assembly meetings, Pool can hardly claim their availability as a download from the Internet is a matter of common knowledge outside of the Ketchikan area. For example, KGB obviously felt, in response to the Court's inquiry about ordinances,[11] that the

---

Assembly Member Landis made the original motion for Res. 1906. Contrast that with p. 31, where Assembly Member Thompson proposed the amendment to that motion, which amendment contained the right of first refusal. The amendment was ultimately approved as Res. 1906 (Amended).

[6] *Id.*

[7] Clerk Docket No. 54, Pool's Motion for Full Attorneys' Fees, *see* p. 4 of the attached fee statement, showing, "Conf. with Judy Zenge – she has been commissioned to do selected transcripts of Boro assembly meetings on land sale – AOK to sell to me-order-she will email."

[8] *See* Clerk's Docket No. 25, Def. KGB's Memo. In Opp. To Pltfs' Motion for TRO, Exhibit 7, p.1, Exhibit 11, p.1, Exhibit 16, p.1; *see also* footnote 7, *supra*.

[9] *See* Clerk's Docket No. 25, Def. KGB's Memo. In Opp. To Pltfs' Motion for TRO, Exhibit 7. pp. 26 and 28; *see also* Clerk's Docket No. 28, Pltfs' Reply to Def. Opp. To Motion for Inj. Relief, pp. 9, 10 and footnote 17.

[10] Clerk's Docket No. 2 at pp. 4, 5, and 7.

[11] Clerk's Docket No. 38.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendants' Motions for Attorneys' Fees; Page 4 of 8; Case No. J05-017 CV (RRB)**

1  Court needed to be informed of the availability of ordinances on the borough's website.[12]

11. In any event, the availability on the Internet or other public availability of such records would only be relevant if their production would have changed Plaintiffs' good-faith belief in the validity of their claims. None of them did. In fact, Plaintiffs contend that such records only support their claims.[13] The fact that the Court may have interpreted the records differently does not mean the claims were filed in bad faith.

**Lack of Reasonableness of Pool's Fees**

12. Pool's attorneys' fees are not reasonable under the circumstances.

13. As noted above, Pool was not the primary party in this litigation and was only joined to comply with Rule 19 of the Federal Rules of Civil Procedure. None of the affirmative causes of action on the merits, and which served as the basis for the injunctive claim, was asserted against Pool—*i.e.*, abuse of discretion was claimed only against the governmental entity, KGB; estoppel was claimed only against the governmental entity, KGB; denial of equal protection was claimed only against the governmental entity, KGB.[14] In fact, Mr. Currall acknowledged in oral argument on February 13, 2006, that no affirmative causes of action were asserted against his client and counsel for Plaintiffs' conceded that that was true.

14. Thus, not being the primary party, Pool would ordinarily be expected merely to join in KGB's motions and briefs, which Pool did, for the most part. In fact, the only substantive brief filed by Pool was his opposition to the motion for injunctive relief.[15] All other substantive defense briefs were prepared and filed by KGB.[16]

15. With KGB having taken the laboring oar, it is unreasonable for Pool now to claim 2½ times ($37,985.50) the attorneys' fees claimed by KGB ($15,545.90). Even given the

---

[12] Clerk's Docket No. 41 at p. 2.

[13] *See, e.g.,* excerpts of the transcripts cited by Plaintiffs in support of their claims: at footnotes 3, 5, 7, and 17 of Clerk's Docket No. 28, Plaintiffs' Reply to Defendants' Oppositions to Motions for Injunctive Relief.

[14] Clerk's Docket No. 18, ¶¶ 29-51.

[15] Clerk's Docket No. 27

[16] Clerk's Docket Nos. 23, 25 and 44.

difference in hourly rates claimed by the two defendants, such amount, for one in Pool's position, is unreasonable. Finally, the fee statements attached to Pool's Motion are so heavily redacted that it is impossible to tell what services were performed to justify this billing.[17]

16. Pool cites <u>Garrison v. Dixon</u>, 19 P.3d 1229 (Alaska 2001) in support of his position that "vexatious conduct" justifies an enhanced award. However, even a brief review of the facts demonstrates no similarity with the facts or purported culpability of conduct in this case. In <u>Garrison</u>, the Court found that the plaintiffs had dragged the case out for 2½ years before *seeking to dismiss their own claims*, causing significant additional expense. There is no such state of facts here. If anything, Plaintiffs sought to expedite the determination.[18]

17. Next, Pool cites <u>Cole v. Bartels</u>, 4 P.3d 956 (Alaska 2000) for the proposition that a finding of vexatious conduct is not necessary for a finding of enhanced fees. He contends that the complexity of the case serves as a basis for expanding the fee award. However, as with <u>Garrison</u>, the case had gone all the way through the discovery phase and trial. The case is clearly distinguishable. In <u>Cole</u>, the Court cited <u>Tenala, Ltd. v. Fowler</u>, 993 P.2d 447 at 451, n. 19:

> We note that complexity serves poorly as an independent enhancing factor where hourly fees, rather than a portion of the money judgment, serve as the subject of the award. <u>Cole v. Bartels</u>, *supra*.

Instead the basis for the enhanced award in Cole was the unreasonableness of the Defendant's conduct in increasing the Bartels' litigation expenses. For example, the court noted the following about Cole's having asserted a substantial body of third-party pleadings to avoid liability:

> On one hand, she claimed [Bourque] owed her a duty to disclose the rot he discovered when working for her and on the other hand she claimed she did not pay him because she did not rely on what he told her. <u>Cole v. Bartels</u> at p. 960, *supra*.

---

[17] Clerk's Docket No. 54, Exhibit A.

[18] Clerk's Docket No. 3, Plaintiff's Motion for Expedited Hearing and Request for Oral Argument, and Aff. of Richard L. Nelson, filed Dec. 20, 2005.

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

Such considerations have no application here. The proceedings were expedited, did not involve third party practice, no discovery and no trial was allowed, and the parties' motions and briefs were focused on the issues before the Court. Plaintiffs' pleadings for expedited relief were before the Court for 9 days, at which time the Court chose to stay the sale for 17 days. That does not suggest that Plaintiffs' claims were patently without merit.

18. Thus, neither Pool's claim of "vexatious conduct" nor the unreasonableness of the claims and defenses, nor complexity of the litigation, nor any other factor in subsection 9(b)(3) justify such an award, even assuming the applicability of Rule 82.

## Conclusion

19. For the foregoing reasons, Plaintiffs request that the Court deny the claims for attorneys' fees under federal law. Alternatively, to the extent that state law is determined to be a proper basis for recovery of fees on the diversity claims, Plaintiffs request that the Court require apportionment of fees between: (a) the diversity claims (abuse of discretion and estoppel) and the federal question claim (denial of equal protection), as well as between (b) time spent on Plaintiffs' injunctive claims v. time spent on KGB's motion to dismiss or alternatively for summary judgment. Plaintiffs further request that, if fees are allowed, Pool's fees be reduced to a reasonable amount and that the appropriate percentage of subsection (b) then be applied, in order to be proportionate to the reasonable request of the primary defendant, KGB, for fees.

DATED this 9th day of March, 2006.

BAXTER BRUCE & SULLIVAN P.C.

s/ Richard L. Nelson
P.O. Box 32819
Juneau, Alaska 99803
Phone: (907) 789-3166
Fax: (907) 789-1913
E-mail: rnelson@baxterbrucelaw.com
ABA No. 0209036

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendants' Motions for Attorneys' Fees; Page 7 of 8; Case No. J05-017 CV (RRB)**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of March, 2006, a copy of the foregoing was served electronically on Scott Brandt-Erichsen and Geoffrey Currall.

s/ Richard L. Nelson

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Opposition to Defendants' Motions for Attorneys' Fees; Page 8 of 8; Case No. J05-017 CV (RRB)**