Geoffrey G. Currall, Esquire
Alaska Bar No: 7011053
KEENE & CURRALL, P.C.
540 Water Street, Suite 302
Ketchikan, Alaska 99901
Phone: (907) 225-4131
Fax: (907) 225-0540
E-mail: info@keenecurrall.com

Attorneys for Defendant, Charles Pool

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOERGEN SCHADE and ROBERT MERRELL, <br><br> Plaintiffs, <br><br> v. <br><br> KETCHIKAN GATEWAY BOROUGH and CHARLES POOL, <br><br> Defendants. | Case No. J05-0017 CV (RRB) |

### DEFENDANT CHARLES POOL'S REPLY
### RE: MOTION FOR FULL ATTORNEYS' FEES

**I.   Pool's Fees Were Necessary to Protect His Interest in the Property.**

The primary basis for Plaintiffs' Opposition is that Pool was not the primary defendant in this lawsuit. This argument misses the mark with regarding to Pool's necessary attorneys' fees. The lawsuit sought as affirmative relief, conveyance of the property in question to Plaintiff Schade. Such relief would have deprived Pool of any interest in the property and caused him significant damages (and continues to cause him significant damages). Pool's damages were not "incidental" to any relief sought against the Borough. As a result of the lawsuit, Pool was required to vigorously and timely defend his interests in the property at stake. As the Opposition states, "the

**REPLY RE MOTION FOR FULL ATTORNEYS' FEES -** Page 1 of 6
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Reply Re Motion for Attorneys' Fees

declaratory and injunctive relief sought would have directly affected his [Pool's] interests." Opposition, ¶8. Pool's attorneys' fees were necessarily incurred in that defense. The actual and continuing losses for Pool are extremely high and justify the amount of time spent by Pool's counsel to defend against those losses. As established by Pool's Affidavit (Docket 26), the potential losses were, and in light of Plaintiffs' appeal, continue to be in the millions of dollars. Id. at ¶27.

## II.     Plaintiffs' Claims Were Not Brought in Good Faith.

Plaintiffs continue to allege bias against "out-of-towners" in that Plaintiffs were never provided documents, transcripts and bid documents. Plaintiffs argue that "they were not allowed to seek discovery" and records "were never produced by KGB." Opposition, pg. 4, line 7 (Docket 61). Notably, Plaintiffs never claim that they asked for such documents. Plaintiffs instead filed their suit without making requests for such documents or investigating their claims. Despite Plaintiffs' repeated assertions to the contrary, the bulk of the evidence was publicly available and a review of that evidence should have convinced Plaintiffs of the error of their claims before filing the instant suit and before causing the Defendants significant damages. As noted by the Borough, a minimal level of inquiry would have revealed that to the extent documents were not available via the internet, they would be made available in hard copy, without charge, from the Borough Clerk's office. The failure to conduct even this minimal inquiry demonstrates Plaintiffs' lack of good faith and attitude of sue first, ask questions later.

Moreover, Plaintiffs also had the bid packets, which stated "It is further understood that any announcements made the day of the sale supersede any and all advertising or printed material

**REPLY RE MOTION FOR FULL ATTORNEYS' FEES -** Page 2 of 6
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Reply Re Motion for Attorneys' Fees

previously distributed." Order Granting Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket 47, page 8, lines 14-17. Nevertheless, Plaintiffs argue it was illegal to make an announcement at the auction and then, pursuant to that announcement, accept lower bids (estoppel argument).[1]

The Plaintiffs filings and allegations made in their briefing to the Court demonstrate their complete lack of investigation prior to filing. Apparently, Plaintiffs did not review the bid packet, which they did have, containing this important provision or they simply chose not to mention it to the Court in their substantial briefings. Plaintiffs stated that:

> Schade and Merrell **believe** that the discussion in the Assembly meeting(s) that led to 'Resolution 1906 Amended' which included the Revised Minimum Bids and the *nefarious rights of first refusal* (i.e., the Second Resolution) *may hold clues to the favoritism and manipulation that now seem obvious under the circumstances. Even later Assembly meetings may prove telling*. (Emphasis added).

Memorandum in Support of Motion for Temporary Restraining Order, page 7, lines 19-25. (Docket 2). Plaintiffs' claims were clearly not borne out by the evidence. Instead, such allegations show the bad faith and vexatious conduct of Plaintiffs in bringing suit.

Plaintiffs also fail to defend the timing they chose for bringing their suit, which necessarily caused additional difficulties in contacting people on vacation and away from work. Plaintiffs also failed to defend or present any evidence, beyond mere rumor, regarding their theories of local prejudice. This again amounts to vexatious and bad faith conduct entitling Pool to full attorneys'

---

[1] In support of their claims, Plaintiffs assert in their Complaint that "they relied on the publicly declared rules of the First Auction [the bid packets]." As previously noted, the bid packets themselves contradict Plaintiffs' claim.

**REPLY RE MOTION FOR FULL ATTORNEYS' FEES -** Page 3 of 6
*Schade and Merrell v. KGB and Pool -* Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Reply Re Motion for Attorneys' Fees

fees.  In light of the Court's ruling on Plaintiffs' claims, the Court should award Pool full attorneys' fees or substantially enhanced fees under Alaska Civil Rule 82(b)(3).

### III.    Full or Enhanced Attorneys' Fees are Justified.

Plaintiffs maintain that Defendant Charles Pool ("Pool") should not be awarded attorneys' fees because Pool was not the primary defendant in their lawsuit.  Regardless, Plaintiffs understood from the outset that their lawsuit would cause substantial harm to Pool.  In fact, Plaintiffs admit that Pool was an innocent actor here, in that Plaintiffs blame Ketchikan Gateway Borough for causing their harm.  Nevertheless Pool had to act to protect his interests because, although an innocent actor, Plaintiffs' claims, if successful, would have caused Pool significant damages.

As previously noted, the case was complicated by the repercussions a stay had, and an injunction would have, on Pool's plans for the property, which have been stymied until a final resolution of the case is reached.  Pool was forced to actively and aggressively protect his interests in light of the sensitive timing of closing, and any delay thereof, would have on his intended tenants for the subject property.  Finally, the total fees of Keene & Currall, as calculated on an hourly basis, also reflect the complexity of the claims brought by Plaintiffs and the effort required of Pool, as a private citizen, to disprove the claimed "improper scheme" to prejudice Plaintiffs. See First Amended Complaint, Docket 18, ¶24.

Plaintiffs do not dispute the reasonableness of the hourly rate charged by Pool's counsel, but claims the amount of time spent is excessive.  Their attack is based on a comparison with the total amount of fees noted by the Borough Attorney.  Plaintiffs, however, fail to note that there is but one Borough Attorney with fairly limited resources and did not have an associate at his

**REPLY RE MOTION FOR FULL ATTORNEYS' FEES -** Page 4 of 6
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Reply Re Motion for Attorneys' Fees

disposal to conduct legal research and prepare briefing. If the Borough had additional attorneys at its disposal, the Borough's fees certainly would be greater. In addition, while the Borough filed the Motion to Dismiss, in which Pool joined, Pool's attorneys conducted research and provided analysis, suggestions and proposed revisions to the Borough to assist with its brief to the Court.

Plaintiffs' argue that the Court should now closely review all the attorney bills to conduct an allocation between Plaintiffs' claims allegedly made under Federal question jurisdiction and their claims brought under diversity jurisdiction. They argue that a stricter Federal standard, which is not enunciated in their Opposition, applies to the fees for attorney time spent specifically on defending against Plaintiffs equal protection claims. Plaintiffs' argument is again unreasonable, particularly when considered in light of the Plaintiffs' allegation in their Complaint that they should be awarded full fees under Alaska Rule 82.[2]

### IV.   Conclusion.

For the foregoing reasons, the Court should award Pool full attorneys' fees in the amount of $37,985.50, which were reasonably incurred in Pool's defense of Plaintiffs' unsupported claims.

///

///

///

Dated this 17th day of March 2006.

                                                  KEENE & CURRALL

---

[2] Plaintiffs' Request for Relief asks for "[a]n order declaring that Schade and Merrell be awarded attorneys' fees pursuant to Rule 82 of the Alaska Rules of Civil Procedure, which has been determined to be a substantive rule **not in conflict with federal, and therefore is applicable here**;". (Docket 1, page 12, lines 21-24).

**REPLY RE MOTION FOR FULL ATTORNEYS' FEES -** Page 5 of 6
*Schade and Merrell v. KGB and Pool* - Case No. J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Reply Re Motion for Attorneys' Fees

A Professional Corporation
Attorneys for Defendant, Charles Pool

By      /s/ Geoffrey G. Currall
      Geoffrey G. Currall, Esquire
      Alaska Bar No:  7011053
      540 Water Street, Suite 302
      Ketchikan, Alaska  99901
      Phone: (907) 225-4131
      Fax:    (907) 225-0540
      e-mail: jeff.currall@keenecurrall.com

**Certificate of Service**

This certifies that I am an authorized agent of Keene & Currall, for service of papers pursuant to Civil Rule 5, and that on the **17th** day of **March 2006**, I caused a true and correct copy of the foregoing to be:

■ **Mailed**
☐ Hand Delivered
☐ E-mailed
■ **Electronic Service thru CM/ECF**

to the following:

**Fax No.  (907) 789-1913**
Richard L. Nelson
Baxter Bruce & Sullivan, P.C.
Post Office Box 32819
Juneau, Alaska  99803
rnelson@baxterbrucelaw.com


**Fax No.  (907) 228-6683**
Scott Brandt-Erichsen
Ketchikan Gateway Borough
344 Front Street
Ketchikan, Alaska 99901
boro_law@borough.ketchika.ak.us

By      /s/ Geoffrey G. Currall      .
      Keene & Currall

**REPLY RE MOTION FOR FULL ATTORNEYS' FEES -** Page 6 of 6
*Schade and Merrell v. KGB and Pool -* Case No.  J05-0017 CV(RRB)
nsc/farrel on server/clients/Pool, Charles, 25.109.D/ Reply Re Motion for Attorneys' Fees