**Richard L. Nelson**
**ABA No. 0209036**
**Baxter Bruce & Sullivan, P.C.**
**P.O. Box 32819**
**Juneau, Alaska  99803**
**phone:  (907) 789-3166**
**fax: (907) 789-1913**
**rnelson@baxterbrucelaw.com**
**Attorneys for Plaintiffs**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOERGEN SCHADE and ROBERT MERRELL ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| KETCHIKAN GATEWAY BOROUGH and ) CHARLES POOL ) ) | |
| Defendants ) ) | Case No. J05 - 0017 CV (RRB) |

## PLAINTIFFS' RESPONSE TO DEFENDANT POOL'S REQUEST FOR COURT REVIEW OF CLERK'S RULING

Plaintiffs submit this Response to Defendant Pool's Request for Court Review of Clerk's Ruling.[1]  The Clerk's ruling was proper under federal law.  Moreover, under neither the federal law nor state law is Pool's claim for interest charges permissible as a "court cost."

### Federal Law Regarding Taxation as Costs

1. Neither Rule 54 (d)(1) of the Federal Rules of Civil Procedure, nor Local Rule 54.1 (e)(7) for the United States District Court for the District of Alaska, nor the federal statute most

---
[1] Clerk's Docket No. 60.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Response to Defendant Pool's Request for Court Review of Clerk's Ruling; Page 1 of 4;**
**Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

1  closely corresponding to these rules, 28 U.S.C. § 1920, permits the recovery of interest
2  charges. Notably, Defendant Pool cites no case authority to support his claim.

3  2.  The Clerk also correctly followed the law in denying all charges other than those
4  included in the language of the applicable rules and statute.

5  3.  In <u>Frederick v. City of Portland</u>, 162 F.R.D. 139 at 142 (9th Cir. 1995), the Ninth Circuit
6  stated, "Although a district court possesses broad discretionary power to allow or disallow a
7  prevailing party to recoup the costs of litigation, the court may not rely on that discretion to tax
8  costs beyond those authorized by §1920."

### State Law Regarding Taxation as Costs

4.  Defendant Pool also claims entitlement to the interest charges under Civil Rule 79 of the Alaska Rules of Court. If the Court allows Pool to use the state rule, it is equally clear that interest charges may not be recovered.

### Defendant's Improper Claim of interest Charges

5.  The last item in the bill, by far the largest ($6,880.64 for "Interest"), is not only outside the language of both the federal and state law, it is not even a legal cost incurred by counsel on behalf of Mr. Pool in this litigation.[2]

6.  Instead, Pool, in effect, seeks to require Plaintiffs to finance his purchase of this property. Obviously, Mr. Pool would have had to borrow the money to purchase the property, regardless of whether or not any dispute had ever arisen or any litigation had ever ensued. Otherwise, he could have used his own available funds, if that were an option. He does not allege or offer any proof otherwise. That being the case, interest would have accrued on that debt, regardless of any such dispute or litigation, and regardless of the entry of the brief stay by the court. In addition, even if he had been able to close on the very first day that he admits he was actually prepared to close, absent litigation, (*i.e.,* January 3, 2006), interest would have accrued from that date on his loan. Nor does Defendant Pool suggest or offer any proof that he would have been able to pay off this purchase money loan in the interim but for the litigation. Nevertheless, he now makes the argument that he is somehow entitled to recover his interest

---

[2] *See* Clerk's Docket No. 54, Affidavit of Geoffrey G. Currall, at ¶ 5.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Response to Defendant Pool's Request for Court Review of Clerk's Ruling; Page 2 of 4;**
**Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

1  charges as though they were a legitimate cost of this litigation. The claim is not allowable
2  and must be denied.

3  7.     Defendant Pool also makes the creative assertion that his interest charges on this
4  purchase money loan are actually recoverable as "premiums paid on undertakings, bonds, or
5  security stipulations where they are: [A] furnished by reason of express requirement of the law;
6  [B] on order of the court or a judge thereof; or [C] where necessarily required to secure some
7  right accorded in the action or proceeding," pursuant to Local Rule 54 (e)(7) of the United
8  States District Court for Alaska; *see also* Civil Rule 79 (f)(5) of the Alaska Rules of Court,
9  containing similar language.

10  8.     These provisions were obviously intended to address situations such as bonds
11  necessitated by court order to protect the interests of the affected party, as in circumstances
12  where injunctive or other extraordinary relief against such party has been granted. No such
13  situation is presented here. Clearly, interest charges are not "premiums," no bond is involved
14  here, nor was any such undertaking ever ordered by the court, or the result of any "express
15  requirement of the law." Most importantly, Defendant Pool cannot even legitimately argue
16  that his original borrowing had anything whatever to do with this litigation. It would have
17  been necessary in any event. As noted above, he otherwise could have purchased the property
18  with his own funds. Whatever his financial circumstances may have been, the borrowing was
19  obviously his voluntary choice, outside the context of the litigation. Therefore, the loan and its
20  interest were not "necessarily required to secure some right accorded in the action or
21  proceeding."

22  9.     In his last argument, Defendant Pool posits that, even if he is not entitled to interest
23  charges under District Court Local Rule 54.1 or Alaska Rule 79 *(f)(5)*,[3] he is nevertheless
24  entitled to recover them because of the phrase "Unless the court otherwise directs, ..." found at
25  the beginning of Alaska Rule 79(a). Pool misreads that provision. His focus on that
26  introductory phrase ignores the plain meaning of the rest of the sentence. The sentence goes
27  on to say that "the prevailing party is entitled to recover costs *allowable under paragraph*
28  *(f)....*" (*emphasis added*). Pool has pointed to no other provision of paragraph (f) arguably

---

[3] *See* Clerk's Docket No. 60 at p.3, ¶ B.

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Response to Defendant Pool's Request for Court Review of Clerk's Ruling; Page 3 of 4;**
**Case No. J05-0017 CV (RRB)**

BAXTER BRUCE & SULLIVAN P.C.
P.O. Box 32819, Juneau Alaska 99803
Ph: (907) 789-3166
Fax: (907) 789-1913

1 allowing recovery of interest charges, other than his misguided argument under subparagraph (f)(5) about "premiums." And since his contention presumes that the Court has already concluded that paragraph (f)(5) is not applicable, merely citing the phrase "[u]nless the court otherwise directs" adds no support whatever to Pool's claim. However, the sentence in Rule 79(a) goes even further to undermine Pool's claim. It requires that costs allowable under paragraph (f) be "necessarily incurred in the action." For reasons already outlined above, Pool claim for interest charges cannot meet this requirement. Therefore, the argument has no merit.

10. Finally, Pool has now threatened Plaintiffs with a suit for "wrongful interference" by letter from his counsel dated February 23, 2006, a true copy of which is attached as Exhibit "A." Although Plaintiffs deny that such a lawsuit would be warranted, the interest charges incurred by Mr. Pool would at most be a claim for damages, however unjustified, in the threatened future litigation. Defendant Pool should not be allowed to bootstrap a recovery of such an untenable claim under the guise of "taxable costs" in the current suit.

**Conclusion**

11. The Clerk ruled properly under federal law and her ruling should be upheld. Alternatively, if costs are awarded under the state rule, the award must exclude interest charges on Pool's purchase money loan.

DATED this 22nd day of March, 2006.

BAXTER BRUCE & SULLIVAN P.C.

s/ Richard L. Nelson
P.O. Box 32819
Juneau, Alaska 99803
Phone: (907) 789-3166
Fax: (907) 789-1913
E-mail: rnelson@baxterbrucelaw.com
ABA No. 0209036

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2006, a copy of the foregoing was served electronically on Scott Brandt-Erichsen and Geoffrey Currall.

s/ Richard L. Nelson

*Joergen Schade and Robert Merrell v. Ketchikan Gateway Borough and Charles Pool*
**Plaintiffs' Response to Defendant Pool's Request for Court Review of Clerk's Ruling; Page 4 of 4;**
**Case No. J05-0017 CV (RRB)**