UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOERGEN SCHADE, ROBERT MERRELL,<br><br>           Plaintiffs,<br>    vs.<br><br>KETCHIKAN GATEWAY BOROUGH, CHARLES POOL,<br><br>           Defendants. | 1:05-cv-00017-RRB-PMP<br><br>**INITIAL REPORT AND RECOMMENDATION REGARDING MOTION FOR BILL OF COSTS COURT'S REVIEW OF CLERK'S JUDGMENT**<br><br>(Docket No. 60) |

Following the granting of defendants' motion to dismiss for failure to state a claim upon which relief may be granted (docket 47), the clerk taxed costs against plaintiffs in favor of defendant Pool in the amount of $272.53 (docket 57). Defendant Pool requests review of the clerk's denial of two specific items: interest

in the amount of $6,318.52[1] and computerized legal research charges in the amount of $133.75 (docket 60). Plaintiffs object to these specific items (docket 68). The court referred the matter to the undersigned magistrate judge pursuant to D.Ak. LMR 4 (docket 64).

Applicable Law:

Jurisdiction in this case was based on diversity. Defendant Pool argues that, as a result, the taxation of costs should be made under Alaska state law rather than federal law. He cites no authority on this point. Pool's argument is not well taken. As Wright, Miller & Kane put it,

> The award of costs is governed by federal law. There has been some suggestion that in diversity cases federal courts should look to state law as to costs, in deference to the doctrine of *Erie Railroad Company v. Tompkins*. With regard to ordinary items of costs, particularly those mentioned in Section 1920 of Title 28, the suggestion clearly is unsound. Variations between state and federal practice in the assessment of costs after the case has been disposed of do not appear likely to promote forum shopping or to affect 'the outcome of the litigation' in any significant way and therefore employing federal law does not violate the underlying policies of the *Erie* principle. Furthermore, to require federal courts to look to state law in diversity cases would amount to treating the sections of the Judicial Code regulating costs and Rule 54(d) as invalid in those actions, a possibility that conceivably might have been justified under the *Erie* opinion itself but one that has been uniformly rejected by scholars and is not supported by the case law since the *Erie* decision.[2]

---

[1] Defendant Pool's original cost bill (docket 52 and 53) sought interest in the amount of $6,880.64. In his request to review the clerk's ruling, Pool sought a reduced amount of $6,318.52.

[2] Wright, Miller & Kane, Federal Practice & Procedure, §2669 (2005) [footnotes omitted].

The Ninth Circuit follows this general rule.[3]  Accordingly, federal law should be applied in making this decision.

<u>Interest</u>:

The first item upon which review is sought is interest.  This action involved a challenge by plaintiffs to the sale of real property by the Ketchikan Gateway Borough to defendant Pool.  The court stayed the sale for a period of several weeks pending a ruling on the plaintiffs' motion for a temporary restraining order (docket 21).  Pool claims that the delay in completing the sale caused him to incur additional interest charges on the loan he took out to purchase the property.

Pool claims that this additional interest expense amounts to an "undertaking or bond" within LR 54.1(f) which can be taxed as a cost of litigation.  The cost of premiums on bonds or undertaking may be taxed as a cost when such premiums are:

[A] furnished by reason of express requirement of the law;

[B] on order of the court or a judge thereof; or

[C] where necessarily required to enable the party to secure some right accorded in the action or proceeding.[4]

Clearly subsections [A] and [B] do not apply, because the land purchase loan was neither required by law nor ordered by a court.  The question, then, is whether

---

[3] *Aceves v. Allstate Insurance Company*, 68 F.3d 1160, 1167-68 (9th Cir. 1995).

[4] LR 54.1(f).

interest on Pool's land purchase loan was a premium on a bond or undertaking necessarily required to enable Pool to secure some right accorded in the action. Pool provides no affidavit or other factual support for the necessity of these interest charges other than his counsel's unsworn statement that Pool had to leave the borrowed money in escrow during the period of delay.  Nor does he cites any authority in support of his legal position that interest on a land purchase loan taken out in connection with the subject matter of litigation can be considered a premium on a bond or undertaking.

A "bond" is a "written promise to pay money or do some act if certain circumstances occur or a certain time elapses; a promise that is defeasible upon a condition subsequent."[5]  An "undertaking" is defined as a "promise[] in writing, not under seal, given as security for the performance of some particular act required in a judicial proceeding."[6]  The distinction between the two is that the principal must be a party to a bond, but need not be a party to an undertaking.  Aside from this technical distinction the terms are used interchangeably.[7]  The question is whether a loan allegedly required for reasons related to litigation is a "bond" or "undertaking". Examining these definitions suggests that it is neither.  It is not a "bond" because it was not subject to a condition subsequent.  And it is not an "undertaking" because

---

[5] Black's Law Dictionary (2004).
[6] CJS *Undertakings* §1(2005).
[7] *Russell v. Chicago, Burl. & Quincy Ry. Co.*, 94 P. 501, 502 (Mont. 1908).

it was not given as security for the performance of an act required in the judicial proceeding.

Parties to litigation frequently borrow money for purposes connected with the litigation. They may borrow money to finance their costs or attorney's fees. They may borrow money to cover living expenses, or business expenses, while the litigation is pending. They may borrow money to repair damages which are the subject of the litigation, or in other ways to mitigate their damages. Pool has cited no case – nor has the court been able to locate any case – in which any court has awarded interest on such loans as a cost of a bond or undertaking. It would stretch the meaning of "bonds" or "undertakings" beyond all recognition to include such loan interest charges as "premiums" awardable under LR 54.1(f).

And finally, even if Pool could prevail on his legal argument, he makes no factual showing of the necessity for the loan or the reasonableness of the interest charges. He does not explain why he borrowed the money in advance of the closing, rather than drawing upon the loan at the time of closing. While there may be a good explanation for this, Pool does not supply it. Nor is his claim supported by any affidavits from which the court could conclude that these interest charges were necessarily incurred. The presence of these sort of factual questions, which go far beyond the sort of facts suitable for decision by the clerk in a cost bill hearing,

lend substantial support to the idea that cost awards for bonds or undertakings should not include interest on litigation-related loans.

The clerk's ruling on interest was correct and should be affirmed.

Computerized Legal Research:

Pool next claims that the clerk erred in denying him computerized legal research charges in the amount of $133.75. Computerized legal research costs may not be awarded as a cost under the authority of either 28 U.S.C. §1920 or Rule 54(d), Fed. R. Civ. Pro.[8]  The clerk correctly denied these costs.

Conclusion:

For the reasons set forth above, I recommend that the clerk's decision on costs be affirmed in all respects.

DATED this 10th day of May, 2006, at Anchorage, Alaska.

/s/ Philip M. Pallenberg
PHILIP M. PALLENBERG
United States Magistrate Judge

---

[8] *See, e.g., Aloha Tower Assoc. v. Millenium Aloha, Inc.*, 938 F.Supp. 646 (D. Haw. 1996); *West Virginia Univ. Hospitals, Inc. v. Casey,* 499 U.S. 83, 86, 111 S.Ct. 1138, 1140, 113 L.Ed.2d 68 (1991) (28 U.S.C. §1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further.").  *See also Frederick v. City of Portland,* 162 F.R.D. 139, 144 (D.Ore.1995) (finding that CALR costs are not expressly or implicitly authorized by §1920 and agreeing with "modern jurisprudential trend which treats computerized legal research fees as a component of attorney's fees rather than costs under §1920.").

Pursuant to F.R.Cv.P. 72(b) and 28 U.S.C. § 636(b)(1), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, May 24, 2006**. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. <u>McCall v. Andrus</u>, 628 F.2d 1185, 1187-1189 (9th Cir.), <u>cert</u>. <u>denied</u>, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation <u>United States v. Howell</u>, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, June 9, 2006**. The parties shall otherwise comply with provisions of F.R.Cv.P. 72(b).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. <u>See</u> <u>Hilliard v. Kincheloe</u>, 796 F.2d 308 (9th Cir. 1986).